## Wilson and Gibbs *against* Ep. Reed.

THIS was an action of *trover*. The cause was tried at the last circuit, in the county of *Greene*, before Mr. Chief Justice *Kent*.

From the evidence given at the trial, it appeared that in the spring of 1804, the plaintiffs were in possession of a store-house at *Coxsackie*, at which time the sheriff of *Greene* entered, and by virtue of an execution issued out of the court of chancery against the goods of one *Israel Gibbs*, seized a hogshead of rum and a pair of scale-beams which were in the store, in the possession of the plaintiffs, and which were purchased by the defendant at the sheriff's sale. The articles were delivered by the sheriff to the defendant, who took them away. The plaintiffs claimed the articles as their property, and forbade the sale and removal of them. Much of the evidence produced at the trial and detailed in the case, related to the property in the goods, but from the weight of evidence, as well as from the admissions of the counsel, it appeared that the plaintiffs were jointly interested with *Israel Gibbs* in the property; two-fifths belonging to the latter, and three-fifths to the plaintiffs.

The defendant offered in evidence a release dated the 5th *September*, 1805, from the plaintiffs to the sheriff who seized the goods, of all right of action against him for taking them, but expressly reserving their right of action

*A. and B. being joint owners of a hogshead of rum, the sheriff, by virtue of an execution against B. seized the rum, and sold the whole to C. who sold it by retail. In an action of trover, brought by A. against C. for his share of the rum, it was held, that if one tenant in common of a chattel, sell it, an action of trover will lie against him by the other co-tenant; that the sheriff was no trespasser, and that a release of all actions to him by the plaintiff, was no bar to an action against others.*

against any other person or persons, which was not to be impaired by such release of the sheriff. This evidence was objected to by the plaintiff's counsel, but admitted by the judge; who intimated an opinion that it was a bar to this action, but reserved the question. The judge charged the jury, that the sheriff had no right to sell any more of the property, than the share of *Israel Gibbs*, which, from the evidence, he considered to be two-fifths; and that the plaintiffs were entitled to recover for the remaining three-fifths, as the presumption was that the rum had been retailed by the defendant, which in law was a destruction, so as to enable one tenant in common to maintain an action against his co-tenant, but as to the scale-beams there had been no destruction. The jury found a verdict for the plaintiffs, for 80 dollars, being three-fifths of the value of the rum, and the interest.

On a motion made by the defendant for a new trial, the following points were raised for the consideration of the court:

1. That by the sheriff's sale, the defendant acquired a title to the whole property.

2. That one tenant in common cannot maintain *trover* against his co-tenant.

2. That if *trover* will lie in case of a destruction of the chattel, yet there was no evidence of a destruction.

4. That the release of the plaintiffs to the sheriff, was admissible evidence, and a bar to this action.

*Van Beuren* for the defendant.   1. The general principle is too well settled to be denied, that one tenant in common cannot maintain *trover* against his co-tenant, for the possession of one is the possession of all.   It is true, that if one tenant in common destroy the thing held in common, *trover* will lie against him by his co-tenant.* But the cases in which an action will lie, are those in which the acts are *tortious*, and produce a destruction of the thing. There was no evidence that the rum was sold, or converted by the defendant to his own use, before the action was brought. The witness said only, that it was sold

* Co. Litt. 200 a.

by the defendant at the time of the trial. A sale by one tenant in common does not sever the tenancy in common. The vendee becomes vested with all the right of the vendor. One partner has a right to sell or assign all the copartnership property.* The sheriff's sale was in the nature of an assignment, and the defendant became a copartner, and as such had a right to sell the rum.†

2. It was not necessary to plead the release. The only plea in *trover* is not guilty, under which every matter of defence may be given in evidence. The case of *Devoe* v. *Coridon*,‡ that a release is to be specially pleaded, is a mere *dictum*. Taking wine for *prisage*, is said by Lord *Holt*§ to be the only good special plea in *trover*, to be found in the books. Though some things have been allowed to be pleaded specially in *trover*, it does not follow that it was necessary to plead them, nor that they might not have been given in evidence under the general issue. Then was this release a bar to the present action? The plaintiffs acquit the sheriff of all actions or right of action against him on account of his taking the goods in question, and selling them under the execution. This is in substance and effect, a release of all their right or claim to the goods. The proviso that the release shall not destroy their right of action against other persons, must be considered as void. If there be a release to one obligee, provided that the other shall not take advantage of it, such a proviso is void.*

E. *Williams* and *Kirtland*, contra. The reason of the rule laid down in *Co. Litt.* that one tenant in common cannot maintain *trover* against his co-tenant is, that the possession of one being the possession of both, the one who is deprived of the actual possession, must seek his time to get possession again. While it is in his power thus to - regain his possession no action will lie ; but if the property be put beyond his reach, so that he cannot again take possession, he may then bring his action. By the sale of the sheriff to the defendant, he became a co-tenant, not a *part-*

NEW-YORK,
May, 1808.

Wilson and
Gibbs
v.
Reed.

* *Cowp* 445.
1 *Burr.* 22.
† See 3 *Caines*,
166. 2 *John.*
468. 1 *East.*
363. 1 *Salk.*
398. 1 *Term*,
658.
‡ 1 *Keb.* 305.

§ *Salk.* 654.

* *Litt. Rep.* 191.
*Bac. Ab. Re-*
*lease* (L.)

*ner.* No man can be made the partner of another, but by his own consent.

Every co-tenant is not a partner, nor entitled to the rights of a partner. Here the rum had been retailed out by the defendant, and it was impossible for the plaintiff to take possession of it again. They had, then, no other remedy but this action.

The release, if it amount to any thing, is a release of the sheriff as a co-trespasser with the defendant. But the sheriff was not a trespasser. The plaintiffs had no right of action against him to release. Again, no consideration is mentioned in the release, and there is an express stipulation that it shall not impair or defeat the plaintiffs' right against others; And a release being a discharge by deed, must always be pleaded.*

* *Esp. Dig.* 241. *Dyer,* 28. 1 *Viner,* 260. 1 *Keble,* 305.

SPENCER, J. delivered the opinion of the court. The counsel for the plaintiffs, on the argument, very properly gave up the point that *Israel Gibbs* was not interested in the goods seized by the sheriff, in two-fifth parts, for the evidence is conclusive that he was owner to that extent.

The only remaining questions are ; 1. Whether an action of *trover* and *conversion* will lie by one tenant in common against his co-tenant in common for the sale of the chattel owned by them.

2. Whether the defendant has been guilty of a *trover* and *conversion* of the rum before the action brought.

3. Whether the release to the sheriff will avail the defendant.

That an action of *trover* will lie by one tenant in common against another for a destruction of the chattel, or for its loss, whilst under his management, has not been controverted ; but a distinction has been attempted between a sale of the chattel, and a *tortious* destruction, a distinction, I think, not maintainable. Tenants in common of a chattel have each an equal right to the possession, and the law will not afford an action to the one dispossessed, because his right is not superior to that of the possessor ;

but tenants in common are not like partners ; the latter may dispose of chattels, by virtue of an implied authority to sell, without being liable as for a *tort*, whilst the former cannot dispose of them without violating the right of their co-tenants ; for a sale, therefore, of a chattel, an action of *trover* will lie by one tenant in common against another.

2. The fact whether a sale of the rum had taken place when the action was brought, was a point submitted to the jury, and the case does not present the dates of the transactions, so as to enable me to say that the jury have mistaken the facts.

3. The release to the sheriff cannot protect the defendant, because in fact he was not a trespasser, by selling the interest of *Israel Gibbs* in the rum ; and the release itself manifestly shows that there has been no actual satisfaction to the plaintiffs ; it was given long after the action brought, and I think it was improper evidence, had its operation been more extensive than it is.

The court are, therefore, of opinion, that the defendant must take nothing by his motion.

VAN NESS, J. not having heard the argument, gave no opinion.

Rule refused.(<em>a</em>)

(*a*) The case of *Wilson & Gibbs* v. *Ab. Reed*, depending on the same questions, was decided in the same manner.