White, J.
now delivered the following opinion of the Court: —
Two points have been principally relied upon by the counsel for the plaintiff in this case.
1. That Joseph Cowan and Buyers were jointly interested in the corn, for the conversion of which the action was brought; and that this action could not on that account be sustained.
2. That this was a joint action against William and Joseph Cowan, which could not be sustained; that separate actions ought to have been commenced against each for the corn which they had severally sold.
Upon the first point we entertain the opinion that one tenant in common or joint owner of personal chattels cannot support an action of trover against another, merely because he has the possession of the property and will not deliver it. The one is as much entitled to the possession as the other; and to sustain suits upon.such grounds would make them endless. Besides, in such cases there is no conversion. But if one tenant in common destroys the property the other may support this action against him; or if one without the consent of the other does an act with the property inconsistent with the nature of their joint ownership, and which will according to the *44 ■ common or natural course of things either destroy the others’ interest in the property or the very property itself; and by such act the Other should be deprived of his property, we believe the action of trover may be sustained. 3 Johns. 175. Upon examining the bill of exceptions in this case it seems to us that neither the nature of the partnership in this corn between Joseph Cowan and Buyers, nor Buyers’s statement when leaving the country, gave any authority to Cowan to dispose of the corn; and , as the sale of it by Cowan had a direct tendency to put it out of 'Buyers’s i power to recover his possession of it, and would, according to the common ’.course of things tend to destroy it altogether, we conceive no error was committed by the Circuit Court in failing to instruct the jury that this action would not lie against Joseph Cowan.
Upon the second point it appears to us that the circumstance of an action of this kind having been commenced against more than one defendant is not of itself an objection to the plaintiff’s recovery. An action of trover we believe may be sustained against two or more defendants if the proof establishes a conversion’ by all. Whether the evidence given in this cause was sufficient to charge the defendants jointly, we do not feel ourselves called upon to decide; because upon that point the Circuit Court was neither asked to deliver, nor did they deliver, any opinion to the jury. And at present we believe that if we should ever reverse an opinion, either granting or refusing a new trial, it must be a very clear case ; which this is not. The Circuit judge, having failed to instruct the jury upon a point with respect to which he was not asked to give any directions, does not in this case furnish a ground upon which this Court ought to reverse his decision.. To entitle a party to have a point examined, and decided upon here, it must be one which appears upon the record; or must arise out of the proof adduced upon the trial; that proof must be disclosed in a bill of exceptions. And at present we are not satisfied whether this Court ought to reverse the opinion of the Circuit Court upon a motion for a new trial. - We therefore give no opinion upon it, not thinking it necessary upon the present occasion.
We are also of opinion that Buyers’s property in the corn -was of such a nature as, for the conversion of which, an action of trover will lie.
The judgment ought in our opinion to be affirmed; the other assignment of error having been, with propriety, abandoned by the counsel.