This was an action brought in the Williamson County Court by Buyers against the two Cowans. The declaration was in trover for a certain quantity of corn; plea, not guilty. Upon a trial of the cause in the County Court, a verdict and judgment was rendered in favor of Buyers, from which the Cowans appealed to the Circuit Court of the same county.
It appeared in evidence in the Circuit Court, *Page 54 
that Buyers and Joseph Cowan had entered into a contract with a certain Kennedy, by which it was stipulated that they were to tend for Kennedy a certain piece of ground containing ten acres, for which they were to receive, jointly, one third part of the proceeds; that in the fall of the year following the corn which had been raised in the field was gathered, and Buyers and Joseph Cowan jointly received their third part, which was together by them put into one crib, on the premises, being in the actual possession of neither of them, particularly; that Buyers left this country; and when he went away, said that his corn might stay there until he returned, and then he would sell it; that there was about 600 bushels of corn, 80 barrels of which, after the departure of Buyers, were sold by Joseph Cowan, for which he received the money; that Joseph then also left this country; and that after he went away, the balance of the corn being very much destroyed by different animals, William Cowan, the father of Joseph Cowan, proposed to sell the balance of the corn, as he said, for the benefit of the two boys; that one Cummins agreed to purchase it, and went and took the corn out of the crib, which then amounted to only 33 bushels; but that William Cowan never had the possession of said corn, nor did he deliver it to Cummins; and that the price of the 33 bushels was paid to Joseph Cowan after his return. It also appeared that when Buyers returned he expressed himself much satisfied with what William Cowan had done, and said "something saved was better than nothing."
The counsel for the defendant moved the Court to instruct the jury that the action could not be supported against Joseph Cowan, because he was a joint owner of the property; nor against William Cowan, because he had not so interfered with the corn as to make himself responsible; but the Circuit Court overruled the objection, and instructed the jury that the action could be well maintained against them both; and the jury so found accordingly. *Page 55 
The counsel for the defendant then moved the Court for a new trial; which was overruled, and judgment rendered for the plaintiff; to reverse which, this writ of error was prosecuted.
Cooke, for the plaintiff in error. The first objection which I shall take to the judgment of the Circuit Court is, that a joint action can not be maintained against the defendants. The property said to be converted by them was taken, if at all, at separate and distinct times. The one had nothing to do with the 80 barrels; and the other had no concern with the 33 bushels; so that a joint action can be no more maintained against them than if they were perfect strangers to each other, and were charged, the one with taking a cow, and the other a horse. But let this be as it may, Buyers had not such an interest in the corn as to authorize him to maintain an action of trover against anybody. He had no separate and marked interest in the property; and I take it for granted that to maintain an action of trover, the thing must be of such a description, and so capable of identification, that it is liable to recaption, which is not the case here.
But a still stronger point is, that in this case, the action of trover can not be maintained, because Joseph Cowan is a joint owner of the property. No principle is better settled at this day than that one joint tenant, tenant in common, or coparcener, can not maintain trover against another, because the possession of one is the possession of all. 1 Salk. 290, 34; 1 Term Rep. 658; Cow. 219, 445; Co. Lit. section 223, 200, a. And in all cases of this kind the defendant is authorized, upon the general issue, to show that he is joint owner of the thing sued for, which will discharge him. 2 Peake's Ev. 299; Bul. N. P. 34. Indeed, the principle can not now be controverted, as it is settled by a variety of decisions, which ought not to be overturned. 1 East's Rep. 363, 368; 4 Bur. 2176.
I am also of opinion that the Circuit Court erred in overruling the motion for a new trial. William Cowan, at all events, was not responsible for more *Page 56 
than the 33 bushels; and it would be therefore great injustice to make him equally liable for the quantity sold by Joseph, in which he had no concern.
Dickinson, for the defendant. The propriety of commencing a joint action against the defendants in the court below was not questioned there, and it would be now highly improper to reverse a judgment upon a new point not before stirred. If an objection had there been made, I am not prepared to say, that I would not have entered a dismission against one of them, which I clearly had a right to do.
Upon the question whether Joseph Cowan, being a joint owner, is liable in this form of action, I will observe that the general principles contended for by Mr. Cooke, are correct; that one joint tenant, tenant in common, or coparcener, can not maintain trover against the other, and for the reason assigned in the books, to wit: that the possession of one is the possession of both. But to this principle there are a variety of exceptions; because it is equally well settled that if the taking has been by force; or the person taking destroys the property, an action of trover will then lie against a joint owner, so acting. 1 Hay. Rep. 255. The only remedy allowed by Lord Coke in such a case is not by suit, but by recaption. Now if the thing owned be destroyed, it can not be retaken; and if the injured party can not in such a case have redress by suit, he must remain wholly without remedy. I admit that there is no certain evidence that the corn was destroyed; but it is of a perishable nature, and so denominated in our law, and the jury were the proper judges to say whether it had been destroyed or not. They had a fair right to so infer, and there is no jury who would not. I take it, then, that this question stands upon the same footing as if there were express proof that the corn was destroyed. But independent of this, the taking was tortious; and it will be readily admitted, that if Cowan had committed a trespass in disposing of the corn, he would be liable in this action. If a stranger had acted as Cowan has done, no one will deny but that it would have been a trespass, and the same rule must apply here. *Page 57 
The damages recovered afford no evidence that the Circuit Court ought to have granted a new trial; but if it did this Court can not now reverse for that reason. A motion for a new trial like a motion for a continuance is in application to the sound discretion of the Court; and if the inferior court errs in giving its opinion, a writ of error will not lie to reverse it. 2 Day's Rep. 364; 4 Cranch, 237. The doctrine remains here as it exists in England; we have no statute altering it, and no man ever heard in that country of a writ of error to reverse an opinion of an inferior court overruling a motion for a new trial.
Cooke, in reply. The general rule is admitted that one joint owner of property can not maintain trover against another. I agree with Mr. Dickinson that there are cases not subject to this rule; but I deny that he shows this to be one of them. It is laid down in some of the books that if the thing in controversy is forcibly taken possession of, that is, if the party has in so doing used such actual force as to constitute a trespass, trover can then be maintained. But even this is disputed in the case I before cited, 1 D. E. 658; for in that case, as appears from an insinuation of the plaintiff's counsel, force has been used by the defendant in getting possession of the box. Now although if a stranger had acted as Cowan has he would have been guilty of a trespass, yet no such rule can apply to Cowan; for he being joint owner of the property had a right, peaceably as he did, to take possession of it. To make Cowan responsible in this form of action, the taking must have been such an one as would make him a trespasser, and not that which would make a stranger a trespasser.
The case in 1 Hay. Rep. 255 does not prove that a destruction of the property will make the joint owner liable to this action, for the Court in that case evidently proceeded on the fact that the defendant had taken the ship forcibly, by reason of which she was afterwards lost. It was the force and not the loss of the ship that supported the action. Indeed, *Page 58 
I am satisfied that if there is any case where destruction alone was adjudged sufficient to support the action, it was a case of wanton and unnecessary destruction, and not a necessarily consequential one. But here is no proof that the corn is even yet destroyed; and a probable destruction, arising alone from the nature of the property, can not be sufficient.
Besides, the party is not without a remedy; he may still bring his action of account, or an action on the case for money had and received. Willes's Rep. 208; Bro. Abr. "Account," pl, 20, 47, E. 3. It is laid down in another book that the action of account will lie, though an action for money had and received will not. 4 Dal. 434.
Two points have been principally relied upon by the counsel, for the plaintiff in this case.
1. That Joseph Cowan and Buyers were jointly interested in the corn, for the conversion of which the action was brought; and that this action could not on that account be sustained.
2 That this was a joint action against William and Joseph Cowan, which could not be sustained; that separate actions ought to have been commenced against each for the corn which they had severally sold.
Upon the first point we entertain the opinion that one tenant in common or joint owner of personal chattels can not support an action of trover against another, merely because he has the possession of the property and will not deliver it. The one is as much entitled to the possession as the other; and to sustain suits upon such grounds would make them endless. Besides, in such cases there is no conversion. But if one tenant in common destroys the property the other may support this action against him; or if one without the consent of the other does an act with the property inconsistent with the nature of their joint ownership, and which will according to the common or natural course of things either destroy the other's interest in the property or the very *Page 59 
property itself; and by such act the other should be deprived of his property, we believe the action of trover may be sustained. 3 Johns. 175. Upon examining the bill of exceptions in this case it seems to us that neither the nature of the partnership in this corn between Joseph Cowan and Buyers, nor Buyers's statement when leaving ing the country, gave any authority to Cowan to dispose of the corn; and as the sale of it by Cowan had a direct tendency to put it out of Buyers's power to recover his possession of it, and would, according to the common course of things tend to destroy it altogether, we conceive no error was committed by the Circuit Court in failing to instruct the jury that this action would not lie against Joseph Cowan.
Upon the second point it appears to us that the circumstance of an action of this kind having been commenced against more than one defendant is not of itself an objection to the plaintiff's recovery. An action of trover we believe may be sustained against two or more defendants if the proof establishes a conversion by all. Whether the evidence given in this cause was sufficient to charge the defendants jointly, we do not feel ourselves called upon to decide; because upon that point the Circuit Court was neither asked to deliver, nor did they deliver, any opinion to the jury. And at present we believe that if we should ever reverse an opinion, either granting or refusing a new trial, it must be a very clear case, which this is not. The Circuit judge, having failed to instruct the jury upon a point with respect to which he was not asked to give any directions, does not in this case furnish a ground upon which this Court ought to reverse his decision. To entitle a party to have a point examined, and decided upon here, it must be one which appears upon the record; or must arise out of the proof adduced upon the trial; that proof must be disclosed in a bill of exceptions. And at present we are not satisfied whether this Court ought to reverse the opinion of the Circuit Court upon a motion for a new trial. We therefore give no opinion upon it, not thinking it necessary upon the present occasion. *Page 60 
We are also of opinion that Buyers's property in the corn was of such a nature as, for the conversion of which, an action of trover will lie.
The judgment ought in our opinion to be affirmed; the other assignment of error having been, with propriety, abandoned by the counsel.