GEORGE B. KELLUM AND THOMAS KIMBALL, APPEL-
LANTS, *v.* CHARLES KNECHDT, WILLIAM A. DUR-
FOO, JACOB T. ALBURGER AND THOMAS C. HAND,
JR., RESPONDENTS.

*Wrongful act of one joint owner of a vessel — when an action at law lies against
him, by another owner.*

Where two or more of the joint owners of a vessel wrongfully seize it, thereby
interrupting a voyage for which she is then under charter, one or more of the
other owners injured thereby may maintain an action at law against them to
recover the damages occasioned by their wrongful act.

APPEAL from an order requiring the plaintiffs to amend their complaint.

*Erastus Cooke*, for the appellants.

*Benedict, Taft & Benedict*, for the respondents.

*Per Curiam :*

This is an action on the case, charging the defendants with unlawfully, and with intent to injure the plaintiffs, seizing the barque Kaedar, in which the plaintiffs were half owners, and interrupting her voyage from Gibara (Cuba) to Valparaiso, for which she was then under charter, subjecting the plaintiffs to

large losses. The case was brought to trial at the circuit, and the plaintiffs' counsel having stated in his opening that the defendants were part owners, the judge held it to be an equitable action, triable without a jury, at Special Term, and seems to have made the order accordingly.

The case was then put upon the Special Term calendar, and moved for trial on the 5th of March, 1879, before Justice VAN VORST, when the defendants' counsel objected to the trial proceeding, on the ground that two other persons, Samuel Mack and Ephraim Bishop, who resided in Philadelphia, were also part owners, and should be brought in as parties. Whereupon the court suspended the trial and ordered the plaintiffs to make Mack and Bishop parties, or to make such allegations as would furnish an excuse for not bringing them before the court, and also to amend their complaint by inserting the proper allegations to charge the defendants in an equitable action. From this order the plaintiffs appeal.

We entertain no doubt that this is an action brought at law, and not in equity, and one in which the plaintiffs have the right to a trial by jury. Although the plaintiffs and defendants are tenants in common, such an action as this can be maintained against tenants in common as wrong-doers, when it appears that, by their unjust acts, any destruction of the joint property or profits is accomplished. If the outstanding defendants who were ordered to be brought in did not participate in the wrong done, and are not, therefore, responsible, they would have also a right of action against the defendants to recover their aliquot part of the damages. We think that the following authorities establish the proposition just enunciated, that such an action as this can be maintained by one or more tenants in common against wrong-doers who are also tenants in common: (*Wilson* v. *Reed*, 3 Johns., 175; *Heath* v. *Hubbard*, 4 East, 121; *Lawthorp* v. *Smith*, 1 Hayward, 255; *Chrisley* v. *Thompson*, 3 N. H., 1; *Guillet* v. *Dolgat*, 4 Martin, 203; Abb. on Shipping [Story & Perkins ed.], 124; Story on Agency, § 40.)

The application of the rule of damages, even on the supposition that two outstanding owners are not tort feasors, will not be at all difficult, because, when the entire amount of damages is

ascertained, the plaintiffs' portion of it can be adjusted by the jury who are charged with the investigation and determination of the facts.

For this reason, we think the order appealed from should be reversed and the case restored to the circuit calendar.

Present — BRADY, P. J., and INGALLS, J.

Order reversed. Case restored to circuit calendar.