Van Ness, J.
Three points are raised for the consideration of the court, in this cause ; 1. That the purchase by , , , . the plaintiff severed the tenancy m common. 2. I hat the talting1 and the sale, by the defendant, was tortious; and where one tenant in common usurps the possession, and wrongfully excludes his co-tenant, the other may maintain trover against him; 3. That the plaintiff had aright to the exclusive possession and enjoyment of the property, for one year at least, under the agreement, and that the defendant was liable, for a partial conversion of the property, before the year had expired.
In support of the first point, the case of Selden v. Hitchcock, is relied on. But that case differs from the present. There, the property, which consisted of a cargo of salt, was, in its nature, divisible; and the plaintiff purchased the undivided share of one of the partners, with the approbation, and by the advice of the other partner, and on the engagement of the latter to deliver the quantity so purchased, whenever it should be called for. None of these circumstances attended the transfer by Babcock, of his share in the carding machines, to the plaintiff. There is, therefore, no analogy between the two cases. But it is said, that the defendant has severed the tenancy in common, by seizing and selling the machines, and by subsequently possessing and using the same, exclusively of the plaintiff. This is directly against all the authorities.-— Lyitleton (sect. 323.) says, “ if two be possessed of chattels personal, by divers titles, as of a horse, &c. and one take the whole to himself, out of the possession of the other, the other hath no remedy, but to take this from him, who hath done the wrong, to occupy in common, &c. when he can see his time.” Coke, in his comment, on the above passage, says, “ if one tenant in common take all the chattels *470 personal, the other has no remedy by action; but he may take them againand this has, ever since, been the law on the subject. That the defendant has deprived the plaintiff of the possession, under colour of th eji.fa. does not alter the case, (a) Neither the defendant, nor sheriff could devest the plaintiff of his right of property by a fi* fa. against Babcock, who had previously parted with all his interest.
• The agreement upon which the plaintiff rests the third point, is so imperfectly and obscurely stated in the case, that he must fail in that also. It does not appear that the defendant let to him his moiety of the machines for a year, or any other determinate period.
I am of opinion,therefore, that the plaintiff take nothing by his motion.
Kent, Ch. J. and SpenceR, J. concurred.
Thompson, J., not having heard the argument, gave no opinion.
Rule refused.

 One tenant in common cannot maintain trover against the other. Miter if one destroys the property, or acts inconsistently with the fundamental principles of the partnership, and which in the ordinary course of things would either destroy the other’s interest in the property, or the property itself. See Report of Tennessee Cases. Cowan v. Bayers. Cooke, 53.