Curia, per Woodworth, J.
This was an action of trover. The plaintiff is the only son and heir of Gershom Hyde, who died in 1801, leaving a widow and various articles of personal property. In 1808, the widow married the defendant, and died in 1809. After the marriage, the plaintiff lived with the-defendant, until the death of his mother, and then departed. The plaintiff was born in September,
1800. The widow had *possession of the property until her marriage, when the defendant took possession. It appeared at the trial, that in 1814, P. Humphreys, at the request of the plaintiff’s guardian, called on the defendant for a settlement. The defendant agreed that he was liable to pay 80 dollars on account of the property; and would give that sum, or let the witness (H.) have any of the articles hé wished. A memorandum of articles was then made, and asserted to by the defendant, valued at 95 dollars TVo. This proposition was left with Humphreys for the0 ratification of the plaintiff’s guardian; but nothing was afterwards done. In 1824, the plaintiff made a demand of his interest in the articles. The defendant refused to give up any thing; saying that some of the articles were sold, and some destroyed. The defendant produced, at this time, some of the property nearly worn out and worth little. The residue of the articles the defendant said were destroyed or sold. The plaintiff’s demand was for two-thirds of the property. The judge directed the jury to find a verdict for the plaintiff for 136 dollars, subject to the opinion of the court on a case to be made. To this direction the counsel for the defendant excepted. The jury found for the plaintiff with 136 dollars damages.
it appears to me this form of action is not adapted to the facts before us. If the defendant had been called to account, a liquidation of the claim might have been made after all proper allowances to the defendant. As that *246 remedy has not been chosen, the question' is, -whether the action of trover has been supported by the proof.
On the death of Gershom Hyde two thirds of the personal property vested in the plaintiff, and one third in the widow. On the marriage,- her share passed-to the defendant,-so that the' plaintiff and- defendant tiedamb teiiánts in: common of the chattels; for the recovery of the value of which- this action is1 brought. Tenants in common of a chattel hav"e" an' equal5 right to the possession. The law will not afford ári action to the one dispossessed, because his right is"- not-- superior" to- that of the possessor. But tenants in" common’ are not like partners; One of the latter may dispose" of their joint chattels by virtue- of *an implied authority to sell, without being liable as for a tort, while" the' latter cannot- dispose of them without violating th‘e:right of their co-tenants. For a salé, therefore,, trover" will lie by one tenant in common against another. (Wilson v. Reed, 3 John. 175.). Aa to a portion of the chattels,-, they"remained' in the defendant’s1 hands,, when the demand was" made; arid they were" produced*. As- to them, the1 action would not lie; But the defendant said some of the articles" were" sold arid some destroyed. By whom" sold or destroyed was1 not- stated. The widow had possession from-1801- to 1808; the time of her marriage;- Whether sold and destroyed* before her marriage, or subsequently by the defendants and' if sold’ and destroyed, what portion-of them, does not clearly appear. These were questions proper* to be submitted to" the jury. They were exclusively" \fehin their province; To whac extent, if at all, could the defendant be made"liable ? Upon what ground the judge' directed the jury to fin'd a specific sum;- when the question of damages Was involved- in- uncertainty,. I have not been-able to discover. The1 defendant claimed- the- right of going to" the" jury, and excepted to the" direction. It seems' to me the judge erred in disposing of the cause in this manner", when tííe’re Were facts- to be passed on, and- the material- evidence from which a- conclusion is to be drawn was not clear and explicit. It is not competent for the *247 judge to direct a verdict subject to the opinion of this court, unlesss by; consent of parties.
The verdict must be set aside, and a new trial granted, with costs to abide the event.
Rule accordingly.