GILBERT vs. DICKERSON.

*Trover* will not lie by one *tenant in common* of a chattel against another, simply because the latter claims to be the exclusive owner, and locks up the property—a loss, destruction or sale must be shewn.

In an action *ex dedicto* the non-joinder of the party plaintiff can be taken advantage of only by plea in abatement, or by way of apportionment of damages on the trial.

THIS was an action of trover, tried at the Yates circuit, in January, 1830, before the Hon. DANIEL MOSELY, one of the circuit judges.

The action was brought for the conversion of a horse; the plaintiff claimed to be half owner of him, and shewed a previous possession. The horse was in the possession of the defendant in the summer of 1828, when the plaintiff demanded him, or payment for one half his value. The defendant refused to do either, saying that he had bought the whole of the horse of one John P. Barnard, and paid $200 for him, and that the horse was then locked up. The plaintiff proved that in the spring of 1828, John P. Barnard sold his interest in the horse to one Eli Barnard, and rested. The defendant moved for a *nonsuit*, on the ground, 1. If he and the plaintiff were tenants in common of the horse, no such conversion had been shewn as would entitle the plaintiff to sustain this action; and 2. If Eli Barnard was tenant in common with the plaintiff, he should have been joined in the action with the plaintiff. The judge granted a nonsuit, which the plaintiff now moved to set aside.

*J. A. Collier*, for the plaintiff. There was no evidence that the defendant purchased of John P. Barnard; there was nothing but his own declaration. If Barnard *sold* the *whole* of the horse to the defendant, such was a conversion, and *vendee* as well as *vendor* is liable. The only proof of a sale by John P. Barnard was a sale, not to the defendant, but to *Eli Barnard*; and although the latter was not joined in the action,

the plaintiff was entitled to recover ; for the action, being *ex delicto*, the non-joinder of Barnard could be taken advantage of only by plea in abatement, or by apportionment of the damages on the trial. 1 Wendell, 381. If the defendant be considered as the tenant in common of the plaintiff in the horse, the assumption of the entirety of the horse, and locking him up, was tantamount to a loss, destruction or sale, and therefore a conversion. Buller's N. P. 34, 5. 4 Starkie's Ev. 1496, *and notis.*

*J. A. Spencer*, for the defendant. A claim by a tenant in common for the exclusive possession of a joint chattel, is not enough to justify the action of trover, and this is the only question in this case. He cited 2 Johns. R. 468; 3 id. 175; 1 Taunt. 241 ; 8 T. R. 145.

*By the Court*, SUTHERLAND, J. If the plaintiff and defendant were tenants in common in the horse, there can be no question that the action cannot be maintained upon the evidence in this case. A tenant in common cannot maintain trover against his co-tenant, without proving a *loss, destruction or sale* of the article by such co-tenant. *Barnardistone* v. *Chapman*, Bull. N. P. 34, 5. *St. John* v. *Standring*, 2 Johns. R. 468. *Wilson & Gibbs* v. *Reed*, 3 Johns. R. 175. *Fenning* v. *Lord Grenville*, 1 Taunt. 241. It is not sufficient to maintain the action, that the one tenant has obtained the exclusive possession of the chattel, and claims to be the sole owner, and refuses to deliver it up to his co-tenant, or to permit him to share in the possession. Lyttleton, 1 Inst. 199, b. § 323, illustrates the rule, by putting the very case now at bar. He says, " If two be possessed of chattels personal in common, by divers titles, as of a horse, an ox, or a cow, if the one takes the whole to himself out of the possession of the other, the other hath no other remedy but to take this from him who hath done the wrong, to occupy in common, when he can see his time." And *Coke*, in his commentary on this passage, reiterates it with approbation. 1 Inst. 200, a. I have found no case in which it has been intimated that the assumption of an exclu-

ALBANY,
Oct. 1831.

Gilbert
v.
Dickerson.

sive right on the part of the defendant, or a denial of the plaintiff's title as tenant in common, was equivalent, in judgment of law, to a loss or destruction of the article. Such was the fact in the case of *St. John* v. *Standring*; and in *Fenning* v. *Lord Grenville*, the action was brought for the conversion of a whale, by the defendant, of which the plaintiff claimed to be joint owner. The defendant had cut up the whale and made it into oil. Still, it was held, that this was not such a destruction of the subject matter as to sustain the action of trover, because the plaintiff could take and use the commodity in its altered state. The defendant in this case locked up the horse, claiming him to be his exclusive property. This is not sufficient, within the preceding authorities, to sustain trover by one tenant in common against another.

The plaintiff's witnesses shewed that the defendant claimed to have purchased the horse from John P. Barnard, who is admitted to have been the joint owner with the plaintiff. When the demand was made upon him by the plaintiff, he stated the fact that he had purchased the whole of the horse from John P. Barnard, and paid him $200. In am inclined to think that this, coming out from the plaintiff's own witnesses, and being a part of the same conversation on which the plaintiff relied as evidence of the conversion, is to be considered as competent evidence of the plaintiff's interest in the horse, and shews him to have been a tenant in common with the plaintiff. It does not appear that the sale from John P. Barnard to Eli Barnard was prior to that to the defendant; the presumption is, as the defendant had the possession, the sale to him was first made.

In actions *ex delicto*, the non-joinder of a party plaintiff can be taken advantage of only by plea in abatement, or by way of apportionment of the damages on the trial. 1 Wendell, 381, and the cases there cited.

New trial denied.