Gkay, J.
 

 A partnership is defined to be a contract of two or more persons, to place their money, effects, labor
 
 *186
 
 or skill, or some or all of them, in lawful commerce or business, and to divide the profits and bear the loss in certain proportions. (3 Kent’s Com. 23.) And to constitute a partnership in a single concern, there must be a joint undertaking to share in the profit and loss.
 
 (Bostwick
 
 v.
 
 Champion,
 
 11 Wend. 580, and cases there cited;
 
 Green
 
 v.
 
 Beesley,
 
 2 Bing. N. C. 108.)
 
 [1]
 
 In the case under consideration, each party was to stock a particular portion of the stage-route from Saratoga to Sandy Hill, Glen’s Falls and Whitehall, and each was to receive fare for the passengers, in proportion to the distance they should be by them respectively conveyed. Neither party had, by the terms of the contract, any interest **n °r con^ro''' over or roa,d the other; nor were any expenses upon any part of the route to be borne jointly.
 

 The question of their liability to third persons is not here involved. In such a case, a different rule prevails, from the one which determines whether persons as between themselves are partners.
 
 (Waland
 
 v.
 
 Elkins,
 
 1 Stark. 272;
 
 Bostwick
 
 v.
 
 Champion,
 
 11 Wend. 571; s. c. in error, 18 Id. 175.) In the case last. cited, the tolls at turnpike-gates on the whole route were to be deducted from the fare of passengers and the balance was to be divided among the proprietors of the route, in proportion to the distance agreed to be run by each proprietor; each of whom 'was to provide his own carriages, horses and drivers. Justice Nelson, who delivered the opinion of the court in that case, put his decision mainly upon the ground, that the proprietors all shared in the patronage of each passenger, and should be, therefore, jointly liable to passengers and third persons for damages occasioned by the negligence of the driver upon either
 
 *187
 
 section of the route;
 
 [2]
 
 he, however, in conclusion, concedes that the proprietors, as among themselves, might not be partners, and might be liable to each other, the same as if their interests were several. And Chancellor Walworth, who delivered the opinion, in the same case, in the court of errors, concedes, that as between the proprietor whose driver occasioned the injury, and the other proprietors, he ought to sustain the loss, and would be bound to make it good to them; hut that, inasmuch as the passage-money constituted a common fund out of which the tolls on the whole route were first to be paid, the division of the residue was a division of the profits of a joint concern, so as to constitute a partnership, as between themselves, as to that fund, and entitled either to an account as against the others; and hence, they were liable to third persons as to everything as to which the different owners of that fund had a joint or common interest. How far they would be liable to third persons for anything else than injuries occasioned to passengers and their baggage, and to those who sustained *damage occasioned by the negligence of their drivers, is not decided; he, however, expressly says, that the only debts or expenses for which they would be jointly liable, as between themselves, were the tolls upon the whole line; and the joint profits to be divided was the whole passage-money, after paying the tolls.
 

 Whatever may have been the joint liability of the parties to this suit to third persons, need not be determined here, for the reason, that no case has arisen it which it is claimed that a liability has accrued, the damages resulting from which should, as between themselves he deducted from the amount of fare belonging to either. By the demurrer, it is admitted to be a simple case of shares in the fare, in proportion to the distance the passengers and their baggage were conveyed by each,
 
 *188
 
 from which no deduction was to be made for joint expenses or losses of any description; the funds to be divided were their gross earnings, and not profits,
 
 as profits.
 
 To constitute persons partners, as between themselves, there must be an interest in the profits,
 
 as profits;
 
 each party must, by the agreement, participate, in some way, in the losses as well as the profits; an agreement to divide the gross earnings, as in this case, does not constitute the parties to it partners. (Story on Partnership § 34.) The reason why a remedy has been denied at law to one partner as against another, except upon a covenant to account, or upon a promise to pay a final balance, is, on account of the difficulty of adjusting complicated accounts between them. (1 Chitty’s Pleadings 44.) The division of gross earnings presents no such difficulty.
 

 The court whose judgment is now under consideration was governed by the authority of the case of
 
 Fromont
 
 v.
 
 Coupland
 
 (2 Bing. 170). If that case was, as it seemed to have been understood by the supreme court, an agreement to divide the gross earnings, and not the profits, as such, it is in point, and authority for the decision appealed from, and in conflict with the settled law, both before and since, establishing the requisites of an agreement to make persons partners as between themselves. CaSS *S reported. The parties to *it had been running a coach from Bath to London, the plaintiff finding horses for one part of the road, and the defendant for another; the profits of each party were calculated according to the number of miles covered by his own horses. It does not appear to whom the coach belonged, or by whom the cost of the repairs and use of it, or the damages occasioned by its destruction were to be borne; nor whether the profits to be divided were the gross earnings, or net profits, after paying the expenses of the coach. If the latter, as in probability it was, the profits in such case would be net and not gross; then it
 
 *189
 
 would be in principle like the case of
 
 Cheap
 
 v.
 
 Cramond
 
 (4 B. & Ald. 663), where a deduction of commissions from the gross profits was held by Abbott, C. J., to constitute a partnership,
 
 quoad hoc.
 
 In the case of
 
 Fromont
 
 v.
 
 Coupland
 
 the court did not discuss the question of partnership, but assumed that one existed; this clearly they would not have done, in a case where gross earnings only, from which nothing was to be deducted, were to be divided.
 

 That case was cited in
 
 Green
 
 v.
 
 Beesley
 
 (2 Bing. N. C. 108), in which the principle is clearly conceded by Tnsr-dal, C. J., that a mutual participation in profit and loss is indispensable to a partnership; and Paek, J., in the same case, held, that by the agreement before them, there was no participation in profit and loss, but that it was a case of partnership. Not, however, because there was to be a division of gross earnings, but because the agreement to divide was made to depend upon the punctual performance of other stipulations. Thus, it will be seen, that the court in which the case of
 
 Fromont
 
 v.
 
 Coupland
 
 was decided have not regarded it as authority for holding that a partnership was constituted by a simple agreement to divide gross earnings.
 
 [3]
 
 The parties to this suit are not, either upon principle or authority, partners, as between themselves.
 

 The causes of demurrer assigned- upon the record reach no other point, but, upon the argument, another cause was insisted upon, viz., that there is no sufficient averment to the declaration of a balance in the hands of the defendant belonging to the plaintiffs. This objection is well taken; the naked allegation that the defendant has received one thousand dollars of fare from passengers, by no means shows what portion of it, if any, remained due to the plaintiffs for the fare of passengers conveyed by their teams. The breach assigned, that the
 
 *190
 
 defendant has not paid over the balance in his hands, belonging to the plaintiffs, has nothing to rest upon, there being no averment of any balance in the defendant’s hands belonging to them. Upon this ground, the declaration is defective, and the judgment of the supreme court, must, therefore, be affirmed.
 

 Judgment affirmed.
 

 [1]
 

 See Baldwin
 
 v.
 
 Burrows, 47 N. Y. 190; Vassar
 
 v.
 
 Camp, 14 Barb. 341; Ogden
 
 v.
 
 Astor, 4 Sandf. 311; Moss
 
 v.
 
 Jerome, 10 Bos. 220 ; Boeklen
 
 v.
 
 Hardenburgh, 5 J. & Sp. 110; Cummings
 
 v.
 
 Mills, 1 Daly 520.
 

 [2]
 

 Weyland
 
 v.
 
 Elkins, 1 Holt 227.
 

 [3]
 

 And see Lyons
 
 v.
 
 Knowles, 3 Best & Sm. 556.