## BENEDICT *vs.* HOWARD.

Where a tenant in common of personal property, consisting of shingle mills or machines and of a clapboard or siding mill, and an engine &c. used for operating such machinery and manufacturing lumber, removes such property out of the building in which it is situated, and puts up the mills and engine in a building of his own, in another town, several miles distant, and uses the same there, in the manufacture of his own lumber, this is such a destruction of the property held in common as will support an action by a cotenant, for the conversion thereof.

APPEAL from a judgment entered upon the report and decision of a referee. The facts appear sufficiently in the opinion.

*A. Lanning*, for the plaintiff.

*Comstock & Healy*, for the defendant.

*By the Court*, MARVIN, J. The referee decided that the property was personal; that the parties to the action were

tenants in common; and that the plaintiff had not proved such a conversion of the property by the defendant as entitled him to maintain the action, and for that reason nonsuited the plaintiff. To this decision the plaintiff excepted. The property consisted of two shingle mills or machines and a clapboard or siding mill. The property as a whole, was situate in the town of Bolivar, upon premises leased, and is spoken of by the witnesses as the mill. A witness describes it: " There was a building framed covering the mill; the bed of the arch was made of logs; they were buried in the ground, and on them a stone arch; it was built in the usual way of such mills; there were two shingle machines and one clapboard machine, all run by the same power and all fastened to the building; the boilers were second-hand boilers, about 30 inches in diameter, and about 16 feet long, one flue in each boiler. The whole concern, building and all, was worth $2500; the machinery alone some $1800.

The property, which belonged to the plaintiff and defendant as tenants in common, consisted then, as I understand it, of the property, as described by the witness, erected for use in a particular place, worth as a whole from $2500 to $3000, according to the statement of witnesses. The defendant became a tenant in common with the plaintiff, by purchase at a sheriff's sale of the interest of one Woodard a former tenant in common. He removed all the property except the building, and put the mills up in a frame of his own, upon his own premises, in the town of Amity, in the same county, several miles from its previous location; and after so erecting the mills (or machinery) upon his own lands, he used the mills in the manufacture of his own lumber; and this was the conversion complained of. The witnesses speak of the value of the mill as it was located, and of the benefit derived from its location; one of them valuing such benefits at from $500 to 700, and the building and arch at $300, and the machinery at $1400 or $1500.

It is well settled that one tenant in common cannot main-

Benedict v. Howard.

tain an action for the conversion of the common property, against his co-tenant, unless such co-tenant has lost, sold or destroyed the property, and the defendant, in this case, relies upon this principle for protection; and the referee must have found that there had been no sale, loss or destruction of the property by the defendant.

It seems to me that I should have held that the defendant had destroyed the property. The property as owned by these tenants in common was called a mill or mills. There was a framed building, an engine with boilers, &c., and two shingle machines, and a clapboard machine or mill, all run by the same power, and fastened to the building, worth as a whole, at the place of location, from $2500 to $3000. It was located where it was for a particular purpose—manufacturing lumber. It was upon lease lands; the lease having between two and three years to run, at a rent of $500 a year. The defendant took out all the machinery, the engine, &c.; in short removed all of the property except the mere frame, and in doing so reduced the value of the property as a whole from one third to one half. He took these mills, so called, and the engines, &c. and put them up in a building of his own, upon his own land, in another town, a distance of several miles from the place where the property as a whole had been previously enjoyed by the tenants in common. It seems to me that this was a destruction of the property as common property. Its value to the plaintiff was greatly diminished. It was valuable to him for the purposes of manufacturing lumber where it was, but when removed to another place and put up there it ceased to be of any value to him. Indeed he could make no use of it without being a trespasser. Again, the character of the property had been changed from personal to real, and the plaintiff could not repossess himself of it without tearing it out of the building into which it had been fastened. And had he attempted to do this he would have been a trespasser. The reason of the rule why one tenant in common cannot maintain an action against his co-tenant for taking exclusive

possession of the property fails in this case. Suppose there are tenants in common of a quantity of bricks and one of them takes the bricks and constructs a house with them, will he not be liable? The bricks are not lost or sold, but they are destroyed as personal property.

I think, in this case, as I understand the facts, the referee should have regarded the property as destroyed. (*See Wilson* v. *Reed,* 3 *John.* 175; *Sheldon* v. *Skinner,* 4 *Wend.* 530; *Co. Litt.* 200, *a* and *b*; *Agnew* v. *Johnson,* 17 *Penn. R.* 373.) *Fanning* v. *Ld. Grenville,* (1 *Taunt.* 241) is not in point. The *whale* was not destroyed, it was devoted to a proper purpose, viz. made into oil, which the plaintiff could take. I think the judgment should be reversed, and there should be a new trial, costs to abide the event.

[ERIE GENERAL TERM, May 14, 1860. *Marvin, Davis* and *Grover,* Justices.]