NANCY JORDAN *versus* TRISTRAM JORDAN.

By the common law, the personal property of the wife, which she had at the time of her marriage in her own right, such as *money*, goods and chattels, vests immediately and absolutely in the husband.

Where the plaintiff owned the money sued for, in her own right, at the time of her marriage, in 1834, and it was never reduced to possession by her husband during her coverture, but remained under her sole control; — *Held*, that the money became absolutely vested in the husband, at the time of his marriage, and, at his death, descended to his heirs.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT, for money had and received.

It appeared that the money in controversy was the money of the plaintiff before her marriage, in June, 1834, and was never reduced to possession by her husband during their marriage, but remained during that time under her sole control.

The defendant claimed the money as belonging to the estate.

The presiding Judge instructed the jury that, if they believed from the testimony, that the plaintiff retained possession and control of the money sued for, during coverture till the husband's death, then the money remained her property.

The verdict was for the plaintiff and the defendant excepted.

*Drummond*, in support of the exceptions.

*Verrill*, *contra*, cited *Stanwood* v. *Stanwood*, 17 Mass., 57; *Fisk* v. *Cushing*, 6 Cush.

The opinion of the Court was drawn by

APPLETON, C. J. —By the common law, the personal property of the wife, which she had at the time of her marriage in her own right, such as money, goods and chattels

vests, immediately and absolutely in the husband, who can dispose of them as he pleases. On his death, they go to his representatives, as being entirely his property. 2 Kent's Com., 135. "As to chattels personal, which the wife has in her own right, as *ready money*, jewels, household goods, and the like, the husband has therein an immediate and absolute property devolved to him by marriage, not potentially, but in fact, which never again can revest in the wife or her representatives." 2 Black. Com., 435. These doctrines of the common law have received the sanction of Courts of the highest authority in this country. *Burleigh* v. *Coffin*, 2 Foster, 118; *Wheeler* v. *Moore*, 13 N. H., 478; *Hyde* v. *Strong*, 9 Cow., 230; *Blanchard* v. *Blood*, 2 Barb., 353; *Ames* v. *Chew*, 5 Met., 321; *Washburn* v. *Hale*, 10 Pick., 428; *Savage* v. *King*, 17 Maine, 301.

The choses in action of the wife do not thus vest absolutely in the husband. He must reduce them to possession in the lifetime of the wife. If not so reduced to possession upon his death, they belong to the wife and not to the representatives of the husband.

The instructions given were at variance with the rules of the common law, which had not been modified by legislation in 1834, and were erroneous.

How far existing statutes may affect the rights of the parties is not now before us, either upon the instruction requested or those given.  *Exceptions sustained.*

CUTTING, DAVIS, KENT, WALTON and BARROWS, JJ., concurred.