# PRACTICE REPORTS.

## SUPREME COURT.

### William A. Covert agt. Herman Henneberger.

*Action between partners — demurrer to complaint.*

In an action between partners, in order to justify a recovery in favor of the plaintiff for any *"specific sum"* there should have been a balance struck, or agreed upon, as due from the defendant to the plaintiff.

An action for such balance cannot be connected with an action for *"an accounting,"* unless there be in the complaint appropriate allegations.

The court is justified in looking at the prayer for relief in order to ascertain the plaintiff's view of his own cause of action.

*Special Term, October,* 1876.

Van Vorst, *J.* — There are no allegations in the complaint sufficient to justify a judgment in favor of the plaintiff against the defendant for the sum demanded, or any sum whatever. The action being between partners, or late partners, in order to justify a recovery in favor of the plaintiff for any specific sum, there should have been a balance struck, or agreed upon, as due from the defendant to the plaintiff.

No such balance could have been reached without an adjustment, in some way, of the copartnership affairs. Such balance could doubtless have been agreed upon without the process of a formal accounting. But the complaint comes far short of such agreement between the parties.

The copartnership affairs have not been adjusted. Its property and liabilities must be ascertained and the affairs settled before it can be known how much of the firm assets and moneys, over and above his share thereof, the defendant has appropriated to his own use. Now this complaint is not constructed upon any basis which looks to a settlement of the copartnership affairs. But the plaintiff claims an absolute judgment in his favor for all copartnership moneys which the

defendant has taken and appropriated to himself. It may be that, on an accounting, it will appear that he was entitled to a part of these moneys in any event. It is quite true that the allegations in the complaint go far toward sustaining an action for an accounting, but they do not reach nor are they plead to that end. In no view did the pleader have in mind an action to adjust the copartnership affairs so as to ascertain how the defendant stood to the firm and to the plaintiff, and his demand is for a judgment for a sum certain and an execution against the person of the defendant on account of a misappropriation of copartnership moneys.

It is true that no demurrer will lie simply to the prayer for relief, and that such judgment will, in the end, be given as the facts *under the pleading* will justify, or as they appear upon the trial. But the court is justified in looking at the prayer for relief in order to ascertain the plaintiff's view of his own cause of action.

In his complaint plaintiff does not aver his readiness himself to enter into an accounting concerning the partnership affairs, nor that such proceedings is at all within his contemplation. Such accounting nowhere appears as an objective point, and yet it is fundamental that such adjustment be had.

I think the plaintiff's complaint is defective, in substance, in its omission of all reference to an accounting, or any intimation that it is contemplated by this action. I do not now speak of the prayer for relief, but of the complaint itself. A defendant has a right to know by the allegations in the complaint what he is to meet on the trial, and it would be a liberal system indeed which would connect an action evidently based upon the idea of a right to recover a sum certain into an equitable action for an adjustment of copartnership affairs. I think the plaintiff should amend his complaint if he desires an accounting, as I do not think, in its present form, it sets forth a cause of action. There should be judgment for defendant on the demurrer, with leave to plaintiff to amend on payment of costs.