MILO C. OSBORN, RESPONDENT, *v.* HENRY B. SCHENCK, WILLIAM. T. Y. SCHENCK AND ADELAIDE L. SCHENCK, APPELLANTS.

*Conversion of articles by one tenant in common — what does not amount to.*

In October, 1872, the plaintiff and one Platt owned, as tenants in common, a mill, together with the machinery therein, including a planing machine. On or about the fifteenth of that month Platt executed a chattel mortgage upon the planing machine to the defendants, from whom he had purchased it, to secure part of the price thereof, they then knowing that the plaintiff owned an undivided one-half thereof. Subsequently it appeared that the machine was removed by the direction of the defendant Henry B. Schenck and placed in a building belonging to the defendants, where it still remained.

In this action, brought to recover damages for the conversion of the plaintiff's interest therein, *held*

(1.) That the giving of the mortgage upon the whole of the machine by Platt to the defendants did not render the defendants guilty of a conversion of the plaintiff's interest therein, however it might be as to Platt.

(2.) That the acts of Henry B. Schenck did not amount to a conversion, in the absence of proof of a sale by him, or a refusal to deliver to the plaintiff coupled with an assertion of an exclusive ownership.

APPEAL by the defendants from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

This action was brought by the plaintiff for the alleged conversion by defendants of the plaintiff's undivided half of a planing machine. One Platt purchased the machine of the defendants in February, 1871, without payment of the purchase-money. Afterwards and on the 18th of June, 1872, Platt sold one undivided half of a mill with the machinery therein, including this machine, to the plaintiff. On or about October 15, 1872, Platt executed and acknowledged a chattel mortgage of the machine in question to the defendants for part of the purchase-money of the machine, which mortgage was filed in the proper clerk's office. At or about the same time the plaintiff and Platt leased the mill property and machinery in the building, including the planer in question, to Donaldson & Musson for the term of five years from October 15, 1872, at an annual rent of $2,500 per annum, payable quarterly. Subsequently the machine was taken, and removed by direction

of the defendant, Henry B. Schenck, to a building owned by the defendants.

*Griswold & Crowell*, for the appellants. The facts do not show a conversion by defendants so as to enable the plaintiff to maintain the action. (*Fiero* v. *Betts*, 2 Barb. Rep., 633–635 [3d. Dist.]; *Gilbert* v. *Dickerson*, 7 Wend. Rep., 450; *Nelson* v. *Reid*, 3 John., 178; *St. John* v. *Standing*, 2 id., 468; *Fenning* v. *Lord Grenville*, 1 Taunton, 241; *Fobes* v. *Shattuck*, 22 Barb., 569.)

*J. I. Werner*, for the respondent. It is the settled law of this State that one tenant in common of chattels can maintain trover against his co-tenant, in all cases where such co-tenant has exercised exclusive dominion over the common property, claiming it as his own, or has lost, or sold, or destroyed such property ; and that the tenant whose interest has been thus appropriated, lost, sold or destroyed is not left to the sole remedy " to take possession when he can see his time." (*Wilson* v. *Reed*, 3 Johns., 178; *Hyde* v. *Stone*, 9 Cowen, 232; *Mumford* v. *McKay*, 8 Wend., 444; *White* v. *Stone*, 21 id., 72; *Tyler* v. *Taylor*, 8 Barb., 585; *Benedict* v. *Howard*, 31 id., 569; *Van Doren* v. *Balty*, 11 Hun, 239; *Freeman* on Co-tenancy, §§ 307, 308, 310, 311, citing, besides, several of the above cases ; *Delaney* v. *Root*, 99 Mass., 547; *Wheeler* v. *Whaler*, 33 Mo., 349; *Dyckman* v. *Valiente*, 42 N. Y., 549; *Strickland* v. *Parker*, 54 Me., 264, similar in its facts to 31 Barb. [*supra*], and both cases are referred to in Freeman, § 317; *Waddel* v. *Cook*, 2 Hill, 47, and note *a*.)

LEARNED, P. J.:

The mere mortgaging of the planing machine was not a conversion. It does not appear that it was, or that it was intended to be, a denial of the plaintiff's rights, and it was accompanied by no act which, in any way, disturbed or molested his claim. In *Van Doren* v. *Balty* (11 Hun, 239) the mortgagee of an undivided half assumed at public auction to sell the whole. In the present case the notes, to secure which the mortgage was taken, were made to correspond with the rent of the lease, and this tended to show that the mortgage was not intended to deprive the plaintiff

of, or to affect, his share of the planing machine. The plaintiff's rights were known to the defendants when they took the mortgage ; and the mere fact that, in terms, the mortgage covers the whole machine, instead of the undivided half, does not make it a conversion. But again, if the executing of the mortgage by Pratt was a conversion by him, that does not prove a conversion by these defendants. Thus, in *Dyckman* v. *Valiente* (42 N. Y., 561), the court say that a sale by one of several owners in common of the property as his own, ignoring the right of the co-owners, is a conversion ; and, further, that if the purchaser *should also sell and deliver* the property as his own, the co-owners could maintain trover against him for the subsequent conversion. Thus it is implied that the mere receiving of the property by the purchaser is not a ground for trover. Certainly not until demand and refusal.

The mortgage had become partly payable when the defendants, or some of them, took the property. And therefore by default such title as the mortgagor possessed had passed to the defendants. At the time of the taking of the planing machine, it was in a building owned in common by the plaintiff and Pratt, and the building, with the machinery, had been leased for five years to Donaldson & Munson and was in their possession.

In regard to the alleged taking, the evidence is that Henry B. Schenck, one of the defendants, took the machine out of the mill, and that it was afterwards seen in the mill of the defendants, and that the same defendant, Henry B. Schenck, said they had a right to take it, and did take it away. No evidence is given connecting the other defendants with the act of taking.

A motion for nonsuit was made separately in behalf of each of the other defendants. I see nothing which connects them with the taking. The planing machine is proved simply to be in the mill of the defendants. It is not shown that the defendants, other than Henry B. Schenck, have ever exercised any rights over it, or claimed to own it, or that they authorized Henry B. Schenck to take it. The fact that he claims to justify under a mortgage to all of the defendants does not show that all of them converted the property.

A more difficult question is presented in respect to Henry B.

Schenck. The plaintiff urges that his act was a conversion. The defendants say that his act was the lawful taking by one co-tenant of property held in common. It is not disputed by the plaintiff that, at the time when he took the planing machine, he was co-owner thereof with the plaintiff. Yet the machine was in a building owned partly by the plaintiff and partly by Pratt, who had ceased to be the owner of any part of the machine. And the plaintiff, so far as appears, was not acknowledging any rights of the defendants in the machine. Now, could it be said that the plaintiff had converted the machine so as to be liable to pay the defendant half the value? If not, what more has the defendant, Henry B. Schenck, done, on his part, that he should be liable to pay the plaintiff? Before Schenck took the machine, it was on the plaintiffs' premises, used for his benefit. Now it is on the defendants' premises, and, so far as appears, not used at all.

The case of *Dyckman* v. *Valiente*, above cited, does not apply, because the defendant, the co-tenant, has not sold the property. *Wilson* v. *Reed* (3 Johns., 178) was the case of a sale and delivery by the co-tenant. So was the case of *Mumford* v. *McKay* (8 Wend., 444). In *Van Doren* v. *Balty* (11 Hun, 239) the co-tenant had sold the whole property, claiming it exclusively. The action was against the purchaser, after a demand and refusal, and an assertion of his exclusive claim. In *Delancey* v. *Root* (99 Mass., 547) the defendant took the entire possession of the entire property, a crop of grain, and fed it to his cattle. Thus none of these cases are analogous to the present.

The case of *Benedict* v. *Howard* (31 Barb., 569) is thought to be authority for the ruling in the present case. In that case the defendant took machinery, engines, etc., which were common property, out from a mill, and put them up in a building of his own and used them. The court say that he had changed personal property into real, and the plaintiff could not repossess himself of it without being a trespasser. And the court compared that to the case of a tenancy in common of bricks, which one co-tenant takes and uses in building his own house.

Nothing of that kind appears here. The property is not shown to have been changed into real property. So far as we can judge it was, and is, personal property. Nor is it used for the exclusive

,206 PEOPLE ex rel. N. Y. AND C. R. R. CO. v. BARRETT.

THIRD DEPARTMENT, MAY TERM, 1879.

benefit of the defendants. All that is proved is that Henry B. Schenck said they had a right to take it. There is nothing to show that this was the assertion of an exclusive right. (*Gilbert* v. *Dickerson*, 7 Wend., 449.)

I think, therefore, First. That whatever the effect of Pratt's mortgage was, in respect to him, it did not of itself make the defendants liable for a conversion. Second. That no evidence is produced to make the defendants, other than Henry B. Schenk, liable. Third. That, as to Henry B. Schenck, he is not shown to have converted the property, either by selling it as his own or by a refusal to deliver, and an assertion of exclusive rights.

The judgment should be reversed and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed, new trial granted. costs to abide event.