CATHERINE C. FELTS, Respondent, *v.* WILLIAM B. COLLINS and Others, Appellants.

*Tenants in common of cattle — a forcible taking by one of them of one-half the cattle is a trespass, not a conversion.*

A tenant in common of certain cattle who invades the premises of his cotenant and forcibly and violently takes half of the cattle, is liable for the trespass, but not for a conversion of the cattle so taken.

APPEAL by the defendants, William B. Collins and others, from a judgment of the County Court of Columbia county in favor of the plaintiff, entered in the office of the clerk of the county of Columbia on the 19th day of June, 1899, upon the verdict of a jury, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 15th day of June, 1899, denying the defendant's motion for a new trial made upon the minutes.

The plaintiff, in her complaint, alleges that in the month of April, 1899, the defendants unlawfully, wrongfully and maliciously, and with intent to molest, took from the plaintiff's inclosure, against her protest and without her consent, a number of cows, of which she was the owner and in the possession, the number, description and value of which cows are set forth in the complaint, and that the defendants have converted the same to their own use, to her damage in the sum of $1,000.

Upon the trial it appeared that the plaintiff's husband entered into an agreement by which he was to work the farm owned by the defendant Collins, the proceeds thereof to be equally divided between them, and the cattle upon the farm and the increase were to be divided between them. It appears that thereafter the plaintiff's husband gave to her a bill of sale of his one-half interest in such cows.

In the spring of 1899 the farm was sold upon foreclosure, and the plaintiff appears to have rented the farm from the purchaser at such sale.

On the eleventh day of April the defendant Collins, in company with the other defendants, went to said farm, and there is evidence tending to show, and the jury might have found therefrom, that he

demanded his share of the cattle; that he offered to divide them into two lots, and let the plaintiff choose which lot she would take, or to divide them by permitting the plaintiff to take first choice, he the second, the plaintiff the third, and so on until they were equally divided. The plaintiff refused to consent to the division, or to permit the defendant Collins, or those with him, to take any portion of the cattle, and thereupon the lock of the barn or the building in which such cattle were was broken, and the cattle driven out and divided, five being set aside as belonging absolutely to the plaintiff, and the defendant drove one-half of the balance away.

Evidence was given of various acts of violence, or threatened violence, upon the part of the defendant Collins and others, and it is apparent that the others were there to assist him in taking possession of such cattle.

Testimony was given as to the value of the cattle driven away, and the value was placed by witnesses in amounts ranging from $300 to $350. The jury rendered a verdict of $390 against all the defendants, and from the judgment rendered upon such verdict, and from an order denying a motion for a new trial, the defendants appeal to this court.

*C. E. Barrett*, for the appellants Albert Hand and Frank T. Kunker.

*E. R. Harder*, for the appellant William B. Collins.

*C. F. Eberle*, for the appellant Charles G. Van Alstyne.

*Farrar & Farrar*, for the respondent.

HERRICK, J.:

The case was tried apparently both as an action of trespass and as an action for conversion.

In its charge to the jury the court said : " As to the value of the property taken, if you find the defendants, or any of them, were guilty of a trespass in taking it, you would have a right to find a verdict from the testimony as to the value of that property. I think the extreme amount has been sworn to at $350. And in addition to that, if you should find that these defendants, or any of them, had committed a trespass by entering upon the premises unlawfully, you

would have a right to add to your verdict for the amount of the property such damages as you consider reasonable in satisfaction of that trespass. Your whole verdict being within, or not exceeding, the amount claimed in the complaint, which is $1,000."

It will thus be observed that the court makes the minimum measure of damages to be found by the jury for the trespass the value of the property taken. As before stated, there was evidence from which the jury might have found that the defendant Collins was the owner of an undivided one-half of the cattle in question, and it seems to be evident that for the mere taking of the cattle, in which the defendant Collins had at least a half interest, the plaintiff could not have suffered damages to the extent of the whole of the value of the cattle, and it seems to us that in that respect the charge was erroneous.

The defendant's counsel asked the court to charge " that if a person takes away property from the land or possession of another, property to which they are legally entitled, by force, that they are not liable for taking that property as of a conversion, if the property belonged to them." The court declined to so charge.

If we treat this action as one for conversion, this request was proper and should have been granted. As a general rule an action for conversion will not lie against a tenant in common for taking property of which he is the joint owner. (*Seldon* v. *Hickok*, 2 Caines, 166 ; *St. John* v. *Standring*, 2 Johns. 468 ; *Le Barron* v. *Babcock*, 122 N. Y. 153, 156.)

The cases where an action for a conversion by one tenant in common against another can be maintained are where the joint ownership has been ignored or denied, where the person taking the property treats it as his own exclusive property, or the property has been destroyed or so disposed of that the one tenant in common is deprived of all his beneficial interest in such property. (*Dyckman* v. *Valiente*, 42 N. Y. 549 ; *Rodermund* v. *Clark*, 46 id. 354 ; *Osborn* v. *Schenck*, 83 id. 201.)

In this case the joint ownership of the plaintiff in the property was not ignored, but expressly recognized. All the property was not taken ; the undivided interests were attempted to be divided. The defendant Collins had a right that such property should be divided, and while the manner in which he proceeded to procure

such division may not have been in accordance with the law, and may subject him to an action for trespass for his invasion of the plaintiff's farm, and for the violence there committed, if any, still he is not liable as for a conversion, because what he has done was not a denial of the plaintiff's right to one-half of the property, nor the destruction of the property, nor to the exclusion of any of the plaintiff's rights therein; one has no more right to the possession of the property than the other; each is entitled to the possession thereof; either party having or obtaining such possession, while recognizing the other's property interest therein, is not guilty of an act of conversion.

The person so taking such property by force, by entering upon the premises of another, may be liable in, damages for a trespass committed, but not for a conversion of property in which he has an undivided one-half interest.

Without discussing the other questions raised upon this appeal the judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and a new trial granted, costs to the appellants to abide the event.