WEISS v. WEISS et al.

(Supreme Court, Appellate Term. March 12, 1912.)

1. PARTNERSHIP (§ 108*)—ACTION BY PARTNER AGAINST COPARTNER—ACTION AT LAW.

　　One partner may not sue his copartner at law on a contract, unless there has been a settlement of accounts and a promise to pay.

　　[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 157, 159, 160, 165–167; Dec. Dig. § 108.*]

2. TENANCY IN COMMON (§ 38*)—TROVER—ACTION AT LAW.

　　A sale at law of the whole chattel by one tenant in common entitles his cotenant to sue in trover, and, where the exact interest of the cotenant and the exact amount which he is entitled to may be ascertained without an accounting, the appropriate remedy is at law.

　　[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 100–104, 107–118; Dec. Dig. § 38.*]

3. PARTNERSHIP (§ 104*)—ACTION BY PARTNER AGAINST COPARTNER—CONVERSION.

　　A partner may sue his copartner in conversion where there is a sale by the copartner in hostility to and in denial of the firm.

　　[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 156, 161–164; Dec. Dig. § 104.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. Courts (§ 189\*)—City Court—Action by Partner Against Copartner—Conversion.**

A complaint in conversion by a partner against his copartner and a third person, which alleges the ownership of chattels by the firm, and which avers that the copartner wrongfully transferred all the property of the firm to the third person, and that the partner has been deprived of the property and ejected from the firm's place of business, states a cause of action for conversion, within the jurisdiction of the City Court of New York, possessing no equitable jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.\*]

Hotchkiss, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Rudolph Weiss against Bernath Weiss and another. From an order of the City Court of the city of New York, denying a motion of one of the defendants for judgment on the pleadings, and sustaining plaintiff's demurrers to the answers of the defendants, they appeal. Affirmed.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

William Halpert, for appellant Weiss.
Samuel Greenbaum, for appellant Kelly.

SEABURY, J. Plaintiff sues for damages in conversion. The complaint alleges that plaintiff and defendant appellant Weiss are copartners, owning property as such, and that defendant appellant Weiss has wrongfully transferred all the property of the partnership, without the knowledge, consent, or authority of the plaintiff, to the defendant appellant Kelly, and that the plaintiff has been wholly deprived of such property. The complaint also alleges that on the day following the transfer the defendants physically ejected the plaintiff from the copartnership place of business and refused to permit him to enter the same.

The answers of the defendants appellants pleaded that the cause of action alleged was equitable in its nature, and not within the jurisdiction of the City Court. Plaintiff demurred to this defense. The issue raised by the demurrers was brought on to be heard by motion, and the court below sustained the demurrers to the defenses. The defendants appeal. If the cause of action is equitable, it is clear that the City Court is without jurisdiction.

[1] Before partnerships were known to the law of England, the ancient action of account was in existence. Subsequently by statute this form of action was so extended as to apply to traders in a commercial adventure (2 Poll. & Mait. Hist. of Eng. Law, p. 221); but it is doubtful whether there is any reported case where one partner invoked this form of action against his copartner (2 Lindley on Part. [2d Am. Ed.] p. 560, note K). The increased facilities for taking an account, which came with the development of the jurisdiction of equity, so far surpassed those afforded in the law courts, that the common-law action of account became obsolete. The rule has long

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been settled that one partner could not sue another at law on *con-tract,* unless there had been a settlement of accounts, a balance struck, and a promise to pay. Murray v. Bogert, 14 Johns. 318, 7 Am. Dec. 466; Voegtlin v. Bowdoin, 54 Misc. Rep. 254, 104 N. Y. Supp. 394.

[2] In regard to actions in *tort,* especially trover, the present rule is the result of an interesting evolution. Littleton laid it down that if two possessed a chattel in common, and—

"if the one take the whole to himselfe out of the possession of the other, the other hath no other remedie but to take this from him who hath done to him the wrong * * * when he can see his time."

Coke approved this statement, but pointed out that if one co-owner *destroyed* the property an action would lie, saying:

"If two tenants in common be of a parke, and one destroyeth all the deere, an action of trespass lieth." Coke on Littleton, § 323.

Barnardstone v. Chapman (cited in Bull. N. P. 34, 35) held that trover would not lie, unless the chattel which was the subject of common ownership was *destroyed.* This continued to be the rule, except when the cotenant disposed of the chattel by sale in market overt, until it was doubted in Barton v. Williams, 5 B. & Ald. 401, reported in 106 Eng. Rep. (Full Reprint) 1235, affirmed Williams v. Barton, 3 Bing. 138, 11 Eng. Com. Law Rep. 76. In that case it was suggested by Abbott, C. J., that if one of the co-owners *sold* the chattel he would be liable to the other in conversion. The actual decision of this case did not turn upon this point, although it was discussed by the judges. Bayley, J., agreed with Abbott, C. J., although Holroyd, J., declared that he was "not quite satisfied upon that point," and Best, J., expressed the opinion that the action would not lie unless the sale was in market overt, because such a sale would be binding from the policy of the law, and not by the authority of the seller.

In Farrar v. Boswick, 1 M. & W. 682, Baron Parke expressed his disapproval of the suggestion of Abbott, C. J., in Barton v. Williams, supra, and gave it as his opinion that the action would not lie for a *sale* merely, unless the sale was in market overt.

In Mayhew v. Herrick, 62 Eng. Com. Law Rep. 229, the decision was based on other grounds, but the judges discussed this question, and Coltman and Cresswell, JJ., were of the opinion that the action would not lie unless the sale was in market overt. Maule and Williams, JJ., however, expressed the view that trover would lie by one tenant in common against another when the common property was sold. For a lucid discussion of the English authorities, see Fraser v. Kershaw, 69 Eng. Rep. (Full Reprint) 78.

In this state the development of the rule has been similar to that which it underwent in England, except that the effect of a sale in market overt has not been considered, as that custom has never been recognized in this state. Wheelwright v. Depeyster, 1 Johns. 471, 480, 3 Am. Dec. 345, by Kent, C. J. St. John v. Standring, 2 Johns. 468 (1807), declared broadly that tenants in common cannot maintain trover against each other. Wilson v. Reed, 3 Johns. 175 (1808), Hyde v. Stone, 9 Cow. 230, 18 Am. Dec. 501 (1828), Gilbert v. Dickerson, 7 Wend. 449, 22 Am. Dec. 592 (1831), Mumford v. McKay, 8 Wend.

443, 24 Am. Dec. 34 (1832), and Farr v. Smith, 9 Wend. 338, 24 Am. Dec. 162 (1832), all asserted that the action would lie for a *sale* of the common property, although this rule seems to have been declared with hesitation and some misgivings as to whether a destruction was not necessary in order to enable one tenant in common to sue the other. The case of White v. Osborn, 21 Wend. 72 (1839), settled the rule in this state. In that case it was held:

"A sale of the whole chattel by one tenant in common entitled his cotenant to an action of trover."

Speaking of White v. Osborn, supra, Judge Finch, in Osborn v. Schenck, 83 N. Y. 201, 204, declared that "that case has been steadily followed, and the doctrine is now fully established," and in support of this statement he cites Tyler v. Taylor, 8 Barb. 585, Van Doren v. Balty, 11 Hun, 239, Delaney v. Root, 99 Mass. 547, 97 Am. Dec. 52, Wheeler v. Wheeler, 33 Me. 348, and Dyckman v. Valiente, 42 N. Y. 560. In Dyckman v. Valiente, supra, the court, in considering whether the action should be in law or equity, said:

"If the exact interest of the plaintiff in the ship, and the exact amount which he was entitled to recover of the defendants, could be ascertained and determined without an accounting, the appropriate remedy would be at law."

In Osborn v. Schenck, supra, Judge Finch said:

"The right of each to the use and possession of the property is precisely the same, and neither can have or exercise a superior authority over the other. It follows necessarily that the mere fact of such possession and use by one, even though it prevents the use and possession of the other, can furnish no ground of action, since it is rightful, and rests upon a lawful authority. But it also follows that if that possession develops into a destruction of the property, or of the interest of the cotenant, or into such a hostile appropriation of it as excludes the possibility of beneficial enjoyment by him, or ends in a sale of the whole property, which ignores and denies any other right, then a conversion is established, and trover may be maintained against the wrongdoer."

So far as we know Osborn v. Schenck, supra, has never been questioned in this state. Thayer v. Gile, 42 Hun, 268; Lawatsch v. Cooney, 86 Hun, 546, 33 N. Y. Supp. 775; Felts v. Collins, 46 App. Div. 332, 61 N. Y. Supp. 482; Id., 67 App. Div. 430, 73 N. Y. Supp. 796; Gates v. Bowers, 169 N. Y. 14, 61 N. E. 993, 88 Am. St. Rep. 530. All of the cases cited above relate to tenants in common, except Mumford v. McKay, supra, where the parties were partners. In Wilson v. Reed, supra, and Hyde v. Stone, supra, the court indicates that a different rule would apply in actions between partners.

[3] It has been supposed that some question might exist as to whether the rule applicable to tenants in common relates to partners, in so far as it affects the right of one to maintain trover against the other. Parsons on Part. § 226; Collyer on Part. vol. 1, § 404. I cannot see any reason for applying a different rule to partners from that which is held applicable to tenants in common or joint tenants. There are, of course, important differences which exist between the rights and duties of such co-owners and partners (1 Lindley on Part. [2d Am. Ed.] pp. 51, 52); but no distinction exists so far as the right to maintain trover is concerned. All co-owners are not necessarily

partners, but all partners are co-owners, and one partner may sue his copartner in conversion where there is a sale in hostility to and in denial of the copartnership. 9 Ency. of the Law of Eng. p. 475. I think that this necessarily follows from Judge Finch's statement of the rule in Osborn v. Schenck, supra.

The appellants call our attention to several cases, which they assert are contrary to the rule stated above. An examination of these authorities shows that they have no application to the question presented for decision. Covert v. Henneberger, 53 How. Prac. 1, Torey v. Twombly, 57 How. Prac. 149, Buell v. Cole, 54 Barb. 353, Mitchell v. Tonkin, 109 App. Div. 165, 95 N. Y. Supp. 669, Hollister v. Simonson, 36 App. Div. 63, 55 N. Y. Supp. 372, affirmed in 170 N. Y. 357, 63 N. E. 342, and Voegtlin v. Bowdoin, 54 Misc. Rep. 254, 104 N. Y. Supp. 394, are all cases where the action was brought upon contract, and not in tort. In Robinson v. Gilfillan, 15 Hun, 267, one of the partners retained possession of the chattel, and it was there held, consistently, I think, with Osborn v. Schenck, supra, that an action of conversion would not lie. In Belanger v. Dana, 52 Hun, 39, 4 N. Y. Supp. 776, the partnership had been dissolved, and one partner held the assets subject to the payment of the partnership debts, and the court held that the rule declared in Osborn v. Schenck, supra, did not apply. Smith v. Fitchett, 56 Hun, 473, 10 N. Y. Supp. 459, was an action in equity for an accounting. Cary v. Williams, 8 Super. Ct. 667, was an application at chambers by one partner for an order of arrest against his copartner. The facts of the case are not stated in the report. Douglass v. Winslow, 52 Super. Ct. 439, held on demurrer that the complaint was technically insufficient, and did not state a cause of action for conversion. In Pattison v. Blanchard, 5 N. Y. 186, it was held that as between themselves the parties to the action were not partners. Thus it appears, from a review of the authorities upon which the appellants rely, that they lay down no rule contrary to that referred to above.

[4] As the rule declared in Osborn v. Schenck, supra, is applicable to partners, it only remains to apply that rule to the facts of the present case, in order to determine whether the demurrers of the plaintiff were properly sustained. It clearly appears from the complaint that the plaintiff charges the defendant appellant Weiss with a wrongful sale of the entire partnership property, which ignores and denies any right which the plaintiff has in it. Upon such an allegation the plaintiff may sue at law, and such an action is within the jurisdiction of the City Court. It follows that the order of the court below was correct, and it should be affirmed.

Order affirmed, with $10 costs and disbursements, with leave to defendants to plead anew within six days, upon payment of costs in this court and in the court below.

GERARD, J., concurs.

HOTCHKISS, J. (dissenting). As a general rule a tenant in common may not sell the common property (per Savage, C. J., Blood v. Goodrich, 9 Wend. 68, 76, 24 Am. Dec. 121; Tyler v. Taylor, 8

Barb. 585); whereas, a partner may ordinarily dispose of the property and effects of the firm for any and all purposes of the partnership, and likewise may "sell, mortgage, pledge, apply, or otherwise dispose of firm effects" for partnership purposes. He may assign the firm assets as security for antecedent or subsequent debts, and may transfer or pledge all of the partnership property to a creditor as security for or in payment of a debt due from the firm. Mabbett v. White, 12 N. Y. 442; Welles v. March, 30 N. Y. 344, 350.

I find nothing in the complaint negativing the hypothesis that the sale by defendant Weiss to Kelly was not under circumstances fully within the power of Weiss as a partner in the firm composed of himself and the plaintiff. True, the complaint alleges that the sale was in pursuance of a "fraudulent conspiracy" between defendant Weiss and Kelly, and was "without knowledge, consent, or authority of plaintiff," and that it was with "intent to defraud" plaintiff. There is no allegation that the sale was without consideration. The fact that it was without plaintiff's knowledge or consent is immaterial. Mabbett v. White, supra, 12 N. Y. 454. In the absence of facts characterizing the allegations of fraud, conspiracy, and intent, the phrases are mere "sound and fury, signifying nothing." Wood v. Amory, 105 N. Y. 278, 11 N. E. 636; Cohn v. Goldman, 76 N. Y. 284; Knapp v. City of Brooklyn, 97 N. Y. 520; Knowles v. City of New York, 176 N. Y. 430, 68 N. E. 860.

Under these circumstances, assuming that the demurrers to the answers open the complaint to attack for insufficiency appearing on its face, I am of the opinion that the demurrers were improperly sustained. Peerrot v. Mt. Morris Bank, 120 App. Div. 247, 104 N. Y. Supp. 1045.

The order should be reversed.