MARY E. GOODRICH, Appellant, *v.* BYRON D. HOUGHTON et al., Respondents.

|134|115|
|---|---|
|d171|¹415|

Any agreement made in this state to gamble in the legalized lotteries of another state is void here, and no action can be based thereon. (Penal Code, § 334.)

Plaintiff, under an agreement made in this state with defendant B. that each should contribute $25 for the purchase of tickets in a Louisiana lottery, each to have one-half of the prizes drawn, delivered that sum to B., which, with $25 of his own, he sent to New Orleans with an order in his own name for the tickets. These were sent to him and they afterwards drew $25,020 in prizes. This sum B. agreed to send for by express and divide with plaintiff on receipt. The money was sent for as agreed and received by B.; he paid over one-fourth to plaintiff, but refused to pay more. *Held*, an action was not maintainable, to recover the one-fourth agreed to be, but not paid.

Reported below, 55 Hun, 526.

(Submitted May 6, 1892; decided May 31, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 11, 1890, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. A. Poucher* for appellant.

*Francis E. Hamilton* for respondents.

LANDON, J.   The plaintiff seeks to recover money alleged to have been received by the defendant Byron D. Houghton to her use, and appropriated by both defendants.   The plaintiff and defendant Byron D. Houghton at Oswego, N. Y., agreed that each should contribute $25, and with the total, purchase tickets in the Louisiana State Lottery at New Orleans, and that each should have one-half the prize money drawn.   The plaintiff thereupon delivered $25 to said defendant, who, adding $25 of his own, sent the $50 by express from Oswego to the State Lottery at New Orleans with an order in his own name for the tickets.   The lottery company sent him the tickets by express to Oswego.   These tickets subsequently drew prizes to the amount of $25,020, which sum was forwarded by the lottery company by express to said defendant at Oswego ; he received it there and paid one-fourth thereof to the plaintiff, refused to pay any more, and he and the other defendant appropriated the three-fourths. The plaintiff by this action seeks to recover an additional one-fourth.

The difficulty with the plaintiff's case, as clearly shown by the opinion of the General Term, is that she cannot prove that the defendants ought to pay her any part of the prize money except by proof of the contract, and as it was a gambling contract, still executory as respects the division of the prize money, the law will not enforce its execution, but will leave the parties where it finds them.   (*Nellis* v. *Clark*, 20 Wend. 24 ; *Haynes* v. *Rudd*, 83 N. Y. 253 ; *Woodworth* v. *Bennett*, 43 id. 273 ; *Knowlton* v. *Spring Co.*, 57 id. 528.) Any agreement made in this state to gamble in the legalized lotteries of another state is void in this state.   (Penal Code, §§ 324–334 ; 3 R. S. [8th ed.] p. 2220, §§ 24, 25, 32, 35, 38, 39 ; 1 R. S. mp. 665 ; *People* v. *Noelke*, 94 N. Y. 137.)

The learned counsel for the appellant does not contest these legal propositions, but contests the assumption of fact that the plaintiff's case requires her to trace her right to recover through a violation of our law.   He contends that lotteries are lawful in Louisiana, and hence the buying of tickets and

drawing of prize money are lawful there, and that as the money was lawfully acquired in that state, it was lawfully transmitted to the defendant in this state, and the division of it here would violate no law, and, therefore, defendant's agreement to divide it was not unlawful. This contention, if sound, manifestly impairs that purpose of our law which seeks to protect the people of this state from participation in the vice and evils of lotteries.

But assuming that every part of the transaction which took place in Louisiana was perfectly valid, and that the laws of this state can in no respect invalidate what was there completed, it is undeniable that the division of the prize money was not made there, but by the contract of the parties was to be made here. The contract for division was part of the entire contract, was made here and was to be performed here. Its validity must be determined by our law. We undo nothing that has been done in Louisiana, but we refuse to complete in this state any part of the transaction which remains unfinished. The plaintiff cannot recover without resort to the unexecuted part of the contract.

The learned counsel for the plaintiff further urges that after the prize had been drawn, the parties agreed that it should be forwarded by express to the defendant at Oswego, and that he should, upon receiving it, bring it to the plaintiff's house in that city and there divide it equally, and that that agreement does not involve the original agreement, but merely respects the receipt and division of money which they could command in New Orleans. The defendant did send for and receive the money through the express company. But he did not receive the plaintiff's share as a depositary for her use, or in order to deliver it to her. No such question is presented. The defendant had bought the tickets in his own name, and hence received the money as if wholly due to himself. The consignor of the money imposed no duty upon him to deliver any of it to plaintiff. Grant that the defendant violated his agreement with the plaintiff in taking the title to the tickets in his own name, the court for reasons already stated could not

aid the plaintiff in that respect. The defendant could, therefore, after the prize was awarded, secure possession of the money without the assistance of the plaintiff. When, therefore, he agreed to send for the money by express and divide it with the plaintiff when obtained, he did so upon no new consideration, but because of the original agreement to buy the tickets and divide the prize. The original agreement thus cannot be kept out of sight, and as it will not support a new promise, the plaintiff is still remediless.

Concurring as we do in the opinion of the learned General Term, further discussion is unnecessary.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.