ZAK v. SIMPSON. (No. 7386.)

(Supreme Court, Appellate Division, First Department. June 18, 1915.)

TROVER AND CONVERSION ⊜⟼16—POSSESSION OF PLAINTIFF—VALIDITY.

A plaintiff who acquires possession of personalty through a lottery may yet maintain an action for the conversion thereof against a defendant who does not connect himself with the title to the property save through plaintiff's agent, especially since Penal Law (Consol. Laws, c. 40) § 1384, makes it the duty of overseers of the poor to sue for the prize drawn and recover the same in an action for money had and received.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 119–147; Dec. Dig. ⊜⟼16.]

Appeal from Trial Term, New York County.

Action by Frank Zak against William Simpson. From a judgment dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

John J. Crawford, of New York City, for appellant.

Clarence K. McGuire, of New York City, for respondent

DOWLING, J. This action is brought for the conversion by defendant, a licensed pawnbroker, of a diamond necklace valued at $2,000. Defendant's answer, after interposing a general denial, set up, as a separate defense, that the necklace had been pawned with him for the sum of $600, by one Kammerich, who was "the agent of the plaintiff, with an unrestricted general power to sell the diamond necklace supplied, given, and delivered to him by the plaintiff," and thereafter redeemed, to be again pawned with him by the same person for the same amount on June 16, 1911, whereby defendant acquired a lien thereon. Upon the trial plaintiff made out his case, but in so doing it was developed that he had acquired possession of the necklace as the result of a lottery, participated in by him and many others to enable the owner thereof, who was the widow of a member of the Wool Club, to realize upon it, the total sale of tickets amounting to $2,500 and his ticket having cost him $5. At the close of plaintiff's case the court dismissed the complaint on the specific ground:

"That the transaction under and by which this plaintiff comes into court is a lottery, in violation of the penal law of this state, and that the plaintiff has no title to this necklace, which is an essential allegation, and also to be proved in an action for conversion."

We believe such dismissal was erroneous. Upon the proof, plaintiff was in possession of the necklace, and defendant had converted it, having refused to surrender it upon demand duly made. Defendant had not sought to connect himself in any way with the title to the necklace, save through plaintiff's agent, and therefore plaintiff's prior possession, established by him, was sufficient to support the action. Stowell v. Otis, 71 N. Y. 36. Moreover, defendant was in no position to avail itself of the illegality of the lottery under which the necklace was disposed of. Conceding that it was an unlawful transaction, who can question it? Not the original owner of the necklace, who was a party to the offense, but the persons designated by the statute, viz., the overseers of the poor, whose duty it is to sue for the prize drawn, and who may recover the same in an action for money had and received. Penal Law, § 1384. Plaintiff had possession of the necklace; and defendant converted it. The former's possession was sufficient basis for his action. As was said by Lord Kenyon in Graham v. Peat, 1 East, 244, "Any possession is a legal possession against a wrongdoer."

The judgment appealed from is therefore reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.