## Petrucci, et al. v. Guthrie, et al.

Decided March 27, 1925.)

### Appeal from Nelson Circuit Court.

Pleading—Allegation of Legality in Action on Contract of Purchase of Whiskey Held Sufficient and Not Mere Conclusions.—Statements in petition for breach of contract for sale of whiskey that plaintiff was wholesale whiskey dealer, under regulations of Internal Revenue Department of federal government, and was engaged in buying whiskey and selling it to wholesale and retail druggists under provision of National Prohibition Act (U. S. Comp. Stats., Ann. Supp. 1923, section 10138¼ et seq.) and regulations

of duly constituted authorities of United States, held sufficient allegation of legality, and not mere conclusions of pleader.

OSSO W. STANLEY for appellants.

JOHN A. FULTON and KELLEY & KELLEY for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

The trial court sustained a general demurrer to the petition herein, and appellants declined to plead further. Judgment dismissing the petition was thereupon entered. Hence, the appeal. Consequently, the sole question to be determined here is whether or not the petition stated a cause of action.

It discloses that appellant, Ernest Petrucci, a resident of the state of New York, and appellees, S. L. Guthrie, et al., partners doing business under the firm name of "Early Times Distillery," in July, 1920, entered into a contract, evidenced by letters and telegrams, by which appellant purchased from appellees and they sold to him 3,000 cases of Early Times whiskey at $25.00 per case, the total purchase price being $75,000.00. Appellant paid $62,229.00 of the purchase price. Under the contract there was delivered to appellant 2,400 cases of the whiskey. The other 600 cases were not delivered. The amount paid by appellant to appellees overpaid them for the whiskey delivered to the amount of $2,229.00. By the petition appellant sought to recover that sum.

For further cause of action appellant pleaded that on February 24, 1921, the Commissioner of Internal Revenue of the United States discontinued the issuing of permits to wholesale liquor dealers. The petition alleged that appellant was at the time of the making of the contract sued on and had been up until February 24, 1924, a wholesale liquor dealer under the regulations of the Internal Revenue Department. It alleged that when in February, 1921, the Internal Revenue Department changed its policy and declined further to issue permits to wholesale liquor dealers to purchase, transport and sell whiskey, as a part of the regulations it permitted any then authorized wholesale dealer to receive, transport and dispose of all the whiskey, the title of which had been acquired prior to that date, and that in issuing permits for the removal and handling of such whiskey it

required such a dealer, with his application for a permit to move and handle it, to file evidence from the seller that he had acquired title to the whiskey prior to that date. The petition stated that when that policy and those regulations were adopted by the Internal Revenue Department there had been delivered to him of the whiskey purchased under the contract pleaded only 1,500 cases and that he then called upon defendants to furnish to the Internal Revenue Department a certification of the fact that he had purchased and acquired the title to 1,500 additional cases of whiskey prior to that date. The petition stated that defendants wrongfully failed and refused to make the necessary certification of his ownership of 1,500 additional cases of whiskey and certified that he had purchased and acquired the title to only 900 cases, and that on such certification he was able to and did obtain permits to transport and handle only the 900 cases of whiskey. It was pleaded that, if defendants had certified, as was true, that he had purchased 1,500 instead of 900 additional cases of whiskey, the Commissioner of Internal Revenue would have issued to him permits to remove, transport and handle the 1,500 cases of whiskey; and that by reason of the facts pleaded appellant lost the profit that he would have made on 600 cases of whiskey, which the petition alleged would have been $10.00 per case. The petition aptly pleaded that on the making of the contract defendants tax paid the 3,000 cases of whiskey purchased by him under it, removed it from the bonded warehouse and set it apart for him in its free warehouse and held it for him.

There is in the record no opinion by the trial court upon which the order sustaining the general demurrer to the petition was based. As appellees' contentions are presented by brief of their counsel it appears that the demurrer was sustained to the petition upon the theory that whiskey, the subject matter of the contract, is contraband as an article of commerce and that the averments of the petition were not sufficient to establish that plaintiff was authorized to purchase it at the time the contract was made.

It is conceded by appellees that the petition aptly pleaded that they were legally engaged in the business of selling, transporting and delivering whiskey, but it is contended by them that it did not aptly plead that appellant was legally authorized to make the purchase under

the contract pleaded in the petition. On that question the petition makes the following averments:

"Plaintiff says at the time the contract hereinafter set out was made and breached he was a wholesale liquor dealer, engaged in such business in the state of New York, and under the law and regulations of the Prohibition Enforcement Bureau of the Internal Revenue Bureau of the United States, and the proper legal authorities of the state of New York, and was regularly receiving and having issued to him permits to buy whiskey and to sell the same to wholesale and retail druggists in said state and was engaged in such business under the provisions of the National Prohibition Act, commonly called the 'Volstead Act,' and the regulations of the duly constituted authorities of the United States."

In addition to those general averments the petition further stated, and the demurrer confesses the truth of the statements, that appellant received from the Commissioner of Internal Revenue of the United States permits to transport and handle and dispose of 2,400 cases of the 3,000 cases of whiskey purchased by him, and that if appellees had certified the truth as to his having purchased 3,000 cases and being entitled to receive 1,500 additional cases in February, 1921, under the contract pleaded instead of 900 cases as was done, he then would have received permits to transport and handle and dispose of the remaining 1,500 cases of whiskey just as he did receive permits so to do as to the 900 cases, the ownership of which was certified by appellees.

It is insisted for appellees that since the subject of the contract pleaded is under the Eighteenth Amendment to the Federal Constitution and under the provisions of the national prohibition laws, commonly called the "Volstead Act," absolute contraband, it was incumbent upon appellant to plead the provisions of the federal statutes relative to the question which authorized anyone to purchase whiskey as he did and to plead in detail that he had procured and had issued to him all the necessary permits and authority to engage in the business.

We think the first error into which the appellees have fallen is the contention that whiskey as an article of commerce is absolute contraband. The Eighteenth Amendment to the Federal Constitution and all the laws of Congress enacted to carry its provisions into

effect, prohibit the manufacture, sale or transportation of intoxicating liquors within the importation thereof into and the exportation thereof from the United States for beverage purposes. Whiskey as an article of commerce for use for medicinal purposes is prohibited by neither the constitution nor any statutory laws. All such business, however, is regulated by federal statutes pertaining to the question and is under the control of the Commissioner of Internal Revenue. All the statutory enactments of Congress designed to carry into effect the mandate of the Eighteenth Amendment have recognized whiskey to be a legitimate article of commerce for medicinal purposes. That being true, it does not seem to the court that it is necessary in stating a cause of action on a contract for a sale of whiskey and for damages for its breach for the plaintiff to plead all the statutory and departmental provisions with reference thereto and then to plead specifically that he has complied with all of them. As reference to the quotation, *supra,* from the petition now in question will disclose, it stated that at the time the contract was made appellant was a wholesale liquor dealer engaged in that business in the state of New York under the laws and regulations of the Prohibition Enforcement Bureau of the Internal Revenue Bureau of the United States and was engaged in the business of buying whiskey and selling it to wholesale and retail druggists in New York under the provisions of the National Prohibition Act, commonly called the "Volstead Act," and the regulations of the duly constituted authorities of the United States. Appellees insist and the trial court seems to have been of the opinion that those statements of the petition were mere conclusions and not statements of fact. We cannot agree with that contention. It seems to this court that for the purpose of a pleading the statements of the petition were statements of facts and not conclusions.

The organization of a corporation is a statutory proceeding. Many statutory requirements must be complied with before it may be authorized to engage in business. It has never been considered necessary for the purpose of a pleading, however, to plead all the statutory provisions with reference to the organization of a corporation and that in its organization all the necessary statutory provisions were complied with by it in order to state a cause of action in favor of a corporation. It has always been considered sufficient merely to state its

name and that it is a corporation duly created and organized under the laws of the state under which it was organized. Such an averment is not the statement of a conclusion. It is the statement of fact. National banks may be organized and engage in business only in the event their organization has followed the federal statutory provisions and the regulations of the department vested with their supervision with reference thereto. It has never been held necessary for the purposes of a pleading to plead all the federal statutory provisions and departmental regulations with reference to the question and that the particular national bank in its organization has complied with all of them.

The instances cited and the case now before us seem to the court to be analogous. The court is of the opinion that the statements of the petition that appellant at the time of the making of the contract sued on was a wholesale whiskey dealer, under the regulations of the Internal Revenue Department of the Federal Government, and was engaged in buying whiskey and selling it to wholesale and retail druggists under the provisions of the National Prohibition Act and the regulations of the duly constituted authorities of the United States, are sufficient for the purpose of pleading and are not mere conclusions of the pleader; and that the facts pleaded, if not denied, would authorize appellant to recover. A traverse of the petition will cast upon appellant the burden of establishing by competent proof that he was authorized under the regulations of the Commissioner of Internal Revenue and his agents to purchase the whiskey mentioned in the petition. By the Volstead Act the regulation and control of the whiskey business in so far as it may be legally engaged in is vested in the Commissioner of Internal Revenue.

The cases cited by appellees as sustaining the action of the trial court are not in point in that none of them were cases testing the sufficiency of a pleading stating a cause of action founded upon a contract for the sale of whiskey. The opinions cited dealt with the question of sufficiency or insufficiency of proof, not of pleading.

From the foregoing it follows that the trial court erred in sustaining the general demurrer to the two paragraphs of appellants' petition. The judgment is reversed and the cause remanded for further proceedings consistent herewith.

The whole court sitting.