## W. L. Weller & Sons v. Western Union Telegraph Company.

(Decided October 16, 1925.)

### Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

1. Intoxicating Liquors—Purchase of Whiskey Without Permit Therefor Held Illegal.—Purchase of whiskey by wholesale liquor dealer without permit therefor after federal enforcement act (National Prohibition Act, U. S. Comp. St. Ann. Supp. 1923, section 10138¼, et seq.), became effective, held to be illegal transaction and one prohibited by law, although both buyer and seller had sale permits.

2. Intoxicating Liquors—Burden is on Plaintiff to Show Purchase of Whiskey was Legal Before Damages can be Recovered by Reason of such Purchase.—In action against telegraphic company for damages occasioned by plaintiff's purchase of 1,000 cases of whiskey, based upon telegram found not to be genuine, held burden of proof was on plaintiff to show that the purchase of whiskey was legal, and fact that it was not affirmatively shown plaintiff had no permit to purchase would not avail.

GARNETT & VANWINKLE, B. H. FARNSLEY and ELWOOD HAMILTON for appellants.

HUMPHREY, CRAWFORD & MIDDLETON for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant, a corporation, was a wholesale liquor dealer in Louisville in 1920.   It had an agent in New York with whom it was constantly in communication, chiefly through telegraphic messages.

On the 26th of August, 1920, the appellee, Western Union Telegraph Company, through its agent, delivered to appellant a telegram purporting to be from its New York agent informing it the agent had sold 1,000 cases

of Tucker whiskey, and appellant not having on hand that much of Tucker whiskey, and relying upon the authenticity and genuineness of the telegraphic message so delivered to it, immediately bought from Brown-Forman Company, another wholesale liquor dealer in Louisville, 600 cases of Tucker whiskey with which to fill the supposed order, paying therefor $25.00 per case, which purchase price, together with certain expenses incurred, aggregated $15,216.50.

Thereafter it was ascertained that no such message had in fact been sent to it by its New York agent, and in subsequently disposing of the 600 cases of whiskey, because of a fall in the market price, appellant sustained a loss of $1,632.50, for which amount it instituted this action against the telegraph company.

The answer was a traverse, and in addition there were certain affirmative defenses relied on which are not discussed on this appeal.

On the trial, at the conclusion of the plaintiff's evidence, the court directed the jury to find a verdict for the defendant, holding that while the evidence showed plaintiff's loss and showed it to have been caused by the negligence of the defendant, there could be no recovery for the plaintiff because its evidence failed to disclose that at the time of the purchase it made from the Brown-Forman Company of the whiskey it (the plaintiff) had any authority to purchase the whiskey from Brown-Forman Company because of its failure to get a permit from the prohibition authorities to make such purchase.

It is conceded by appellant's counsel that if the contract between appellant and the Brown-Forman Company for the purchase of the whiskey was one prohibited by law there can be no recovery in this action, but it is insisted that under a reasonable interpretation of the prohibition enactment of Congress, and the rules for the enforcement of that act made by the Internal Revenue Department, such permit was not essential to the validity of the transaction, but, was sufficient if such permit was procured before the actual delivery of the whiskey to appellant by Brown-Forman Company.

It will be observed that the action is not one between the purchaser and the seller, but is one by the purchaser against a party not directly connected with the purchase, to recover damages because of the negligence of defendant which brought about the purchase and caused the loss.

The plaintiff's petition alleges:

"That acting and relying upon this purported telegram, plaintiff, at great cost, purchased 552 cases of old Tucker quarts and 48 cases of old Tucker pints of whiskey from Brown-Forman Company, f. o. b. distillery, St. Marys, Ky., at $25.00 per case,"

and the evidence tends to establish this allegation. This is a distinct allegation of the purchase of the whiskey, as distinguished from the purchase of warehouse receipts.

While the Federal Enforcement Act expressly provides that no permit shall be necessary for the purchase and sale of warehouse receipts covering distilled spirits in government bonded warehouses, it appears to make a distinction between the sale and purchase of such warehouse receipts and the sale and purchase of the whiskey itself; for it provides not only for the issual of a permit before whiskey may be sold, but for the issual of a permit before it may be lawfully purchased. The two kinds of permits are essentially different, and the regulations imposed by the department under the enforcement act recognizes the difference between a permit to sell and a permit to purchase.

In the instant case, each the seller and the buyer, had a permit to sell, but the purchaser at the time it alleges it purchased the whiskey had no permit authorizing its purchase.

Apparently the act contemplates that the sale and purchase of warehouse receipts covering spirits in bonded government warehouses does not necessarily mean the prompt withdrawal of the spirits for sale, but is merely intended not to restrict the investment in such receipts; while it seems to contemplate that a purchase of the whiskey itself ordinarily means that it is to be sold and shortly thereafter consumed for purposes permitted by the enactment.

The enforcement act expressly provides that

"No one shall manufacture, sell, purchase, transport, or prescribe any liquor without first obtaining a permit from the commissioner so to do;"

and further expressly provides, with reference to permits to purchase such liquor, that such permits

"shall specify the quantity and kind to be purchased, and the purpose for which it is to be used."

Clearly, these provisions were intended to make effectual the expressed and generally recognized purpose of the whole enactment to prevent the use of intoxicating liquors for beverage purposes.

To require a permit for one to sell spirits without requiring a permit for the purchaser to buy would plainly tend to facilitate the acquiring of liquor for beverage purposes; and therefore the permit for the purchaser which must be issued upon his written application disclosing the quantity and kind to be purchased, "and the purpose for which it is to be used," were clearly intended to place an additional restriction upon the opportunity to procure whiskey for beverage purposes, and to make unlawful its procurement by the purchaser in any other way than that prescribed.

The whole traffic in intoxicating liquors was made unlawful except in certain specific exceptions clearly set forth, and all the provisions of the enactment itself, and the regulations authorized by the act and formulated by the enforcement authorities, disclose the basic purpose to keep an accurate account of all the whiskey in government warehouses, and know for what purpose it is to be withdrawn.

In the light, therefore, of these provisions of the act, and of its plain purpose, it cannot be said that a purchase of whiskey, since the act became effective, by one who has no permit to purchase it based upon his written application and statement of the uses to which it is to be put, is not an illegal transaction, and one expressly prohibited by law.

But it is said for appellant that as the evidence did not affirmatively show that appellant had no permit to purchase, but only failed to show it had such permit, the burden of proof was on appellant to show it had none. This contention again overlooks the fact that the prohibition enactment prohibits and makes unlawful the selling or purchase of spirits, with certain exceptions, and makes such sale lawful only when certain regulations and requirements have been followed. The same contention was made in the case of Adler v. Zimmerman, 233 N. Y. 431, and the court very accurately and concisely denied the contention, saying:

"This is not the case where a sale of a commodity is legal except in certain instances; it is illegal except as authorized."

That case likewise expressly holds, as might be inferred from the quotation, that a plaintiff asserting a cause of action, growing out of a sale or purchase of whiskey, must assume the burden to show that the sale was legal.

As it is conceded that if the transaction was prohibited by law, there can be no recovery by the plaintiff, we will not discuss that phase of the case.

The case of Petrucci v. Guthrie, 208 Ky. 405, only involved the sufficiency of a pleading in an action growing out of the sale and purchase of whiskey, and has no bearing upon this case; but incidentally, after disposing of the question of pleading, the court did hold that, upon issue made, the burden of establishing by competent evidence that plaintiff was authorized under the regulations of the Internal Revenue Department to purchase the whiskey mentioned in the action, rested upon him.

Judgment affirmed.