## BLAIR v. LOWHAM.

No. 4693. Decided March 26, 1929. (276 P. 292)
Rehearing Denied April 13, 1929.

*Frank Reeder* and *A. G. Horn,* both of Ogden, for respondent.

*John C. Davis* and *Stuart P. Dobbs,* both of Ogden, for appellant.

CHERRY, C. J.

The plaintiff recovered a judgment against defendant for $950, the value of an undivided one-half interest in an automobile, which the court found was the property of the plaintiff, and which had been converted by the defendant.

The defendant appeals. The relevant facts as found by the court are in substance that the plaintiff and defendant with their families resided at Ogden. On September 5, 1927, the two families together attended a Labor Day celebration at Lagoon, a pleasure resort in Davis county. A feature of the celebration was the giving away, by the operator of the resort, of an automobile, to one of the persons attending the celebration. To obtain admission to the resort, it was required that each person present a ticket of admission to an adjoining race track, a railroad ticket issued by an electric railway company serving such resort, or to pay an admission fee. The fee charged was 10 cents for each person coming on foot, or 50 cents per load for those in automobiles. The scheme was to give to every person, upon being admitted to the resort, a numbered ticket entitling him to one chance for the prize. By lot or chance the winning ticket was determined, and the holder awarded the automobile. The defendant and his family were transported from their home in Ogden to the celebration in the plaintiff's automobile. On their way thither the plaintiff and defendant agreed that, if any ticket issued to any member of their party should win the automobile, the plaintiff and defendant should share the same equally. Upon arrival at the resort, the defendant paid 50 cents, the sum required for the admission of the party to the resort, and received six tickets (there being six members of the party) for the automobile drawing. The defendant retained all of the tickets in his possession, and one of them was later determined, by chance, to entitle the holder to the automobile. The defendant accordingly presented the winning ticket and the automobile was transferred and delivered to him. He thereafter denied the plaintiff's ownership of any interest in the automobile and appropriated the same to his own exclusive use. The plaintiff thereupon brought this action, which resulted in a judgment in his favor as above stated.

The judgment is assailed upon the grounds that the trans-

action by which the automobile was disposed of was a lottery, in violation of law, and that the agreement relied upon was unlawful, and contrary to public policy, and for such reasons unenforceable. ■

Lotteries are defined and prohibited by Comp. Laws Utah 1917, § 8153 et seq., as follows:

"8153. *Lottery Defined.* A lottery is any scheme for the disposal or distribution of property by chance, among persons who have paid or promised to pay any valuable consideration for the chance of obtaining such property or a portion of it, or for any share or any interest in such property, upon any agreement, understanding, or expectation that it is to be distributed or disposed of by lot or chance, whether called a lottery, raffle, or gift enterprise, or by whatever name the same may be known.

"8154. *Contriving or Drawing Lottery.* Every person who contrives, prepares, sets up, proposes, or draws any lottery, is guilty of a misdemeanor.

"8155. *Vending Lottery Tickets.* Every person who sells, gives, or in any manner whatever furnishes or transfers to or for any other person any ticket, chance, share, or interest, or any paper, certificate, or instrument purporting or understood to be or to represent any ticket, chance, share, or interest in, depending upon the event of, any lottery is guilty of a misdemeanor.

"8156. *Aiding or Assisting Lottery.* Every person who aids or assists, either by printing, writing, advertising, publishing or otherwise in setting up, managing, or drawing any lottery, or in selling or disposing of any ticket, chance, or share therein, is guilty of a misdemeanor."

The scheme for the disposition of the automobile in question was plainly a lottery within the statutory definition, and was unlawful. *State* v. *Danz,* 140 Wash. 546, 250 P. 37, 48 A. L. R. 1109.

The agreement of the parties to pool the tickets to be issued to them necessarily involved the transfer by each party to the other of a share or interest in each ticket owned by him, and thus amounted to a violation of section 8155 of the statute. ■

It is upon this agreement that the plaintiff's case is

founded. His title to a one-half interest in the automobile cannot be established, except by virtue of the agreement to pool the tickets and the subsequent drawing of the lottery whereby one of the pooled tickets won the prize. Both transactions must be given legal effect to support the plaintiff's claim.

It is not a case where the plaintiff can establish his claim independent of the illegal transactions, nor where money or property illegally obtained was received by an agent for the use of his principal. The sole reliance here is upon transactions prohibited by law. Courts will not grant either of the parties relief in such cases. *Mexican Banking Co.* v. *Lichtenstein,* 10 Utah 338, 37 P. 574; *Overholt* v. *Burbridge,* 28 Utah 408, 79 P. 561; *Van Doren* v. *Staats,* 3 N. J. Law, 887; *Goodrich* v. *Houghton,* 134 N. Y. 115, 31 N. E. 516; *Crutchfield* v. *Rambo,* 38 Tex. Civ. App. 579, 86 S. W. 950; *Roselle* v. *Farmer's Bank,* 141 Mo. 36, 39 S. W. 274, 64 Am. St. Rep. 501.

The judgment is reversed. Costs to appellant.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.