CELIA MOSKOWITZ, an Infant, by Her Guardian ad Litem, SARAH MOSKOWITZ, Plaintiff, v. J. STANLEY COHEN, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, February 14, 1936.

490

*S. A. Raboy*, for the plaintiff.

*Leo W. Schwarz*, for the defendant.

Lewis (David C.), J.   The plaintiff leads with an application for an examination before trial.   The defendant counters with an attack upon the sufficiency of the complaint.   The complaint alleges that the plaintiff was a tenant in common with the defendant of a Chevrolet car.   She sues for the conversion of her property rights in the car.   Conversion is a possessory action.   (*Ellis* v. *Feeney & Sheehan Bldg. Co.*, 187 App. Div. 481; affd., 230 N. Y. 565.)   What about the facts?

It is the plaintiff's story that one summer's evening, as defendant's guest, she accompanied him in his car to Playland, a Westchester county amusement park; that when defendant parked his auto, he received a ticket in a drawing for the Chevrolet car; that they had the names " J. S. and Celia Cohen " (the latter to designate the plaintiff) put on the ticket; that he turned in this ticket; and it turned out to be the winning chance; and thereafter the Chevrolet car was delivered to the defendant.   Plaintiff's title was derived through this alleged participation with the defendant in a lottery.

The plaintiff admits that she never had personal or actual possession of the Chevrolet; that she never saw it; and evidently never subsequently saw the defendant.

Apparently surprise turned to disappointment. The lucky ticket changes the complexion of a wholly innocent lark and now we have a lawsuit over the unexpected dividends. This is a novel-like setting, but there is no cause for alarm or suspicion. Withal, not principles of sportsmanship, generosity, ethics, etiquette, chivalry, or our inherent instinct for taking chances, wait upon this court for its consideration or censorship; merely an unromantic legal problem presents itself for determination. In that focus, the first thing the court observes is a lottery: a transaction having no claim to good standing in the forum of the law. The issuance of the ticket and the drawing for the prize suggest a lottery. (*People* v. *Miller*, 246 App. Div. 825; *H. J. B. Theatre Corp.* v. *Van Ree Pub. Corp.*, 159 Misc. 38, CUFF, J.)

The lottery being illegal, the terms of the lottery or of any understanding between parties to share in it cannot create a legal contract. Consequently, any agreement to divide the fruits of a wholly unexecuted lottery remains as unenforcible as the illegal lottery itself.

" The difficulty with the plaintiff's case, as clearly shown by the opinion of the General Term, is that she cannot prove that the defendants ought to pay her any part of the prize money except by proof of the contract, and as it was a gambling contract, *still executory as respects the division of the prize money, the law will not enforce its execution, but will leave the parties where it finds them.*" (Italics mine.) (*Goodrich* v. *Houghton*, 134 N. Y. 115, at p. 116.)

But the prize was won, and after the car was delivered, a good title to the Chevrolet was bestowed upon the recipients. That is, a title that would be good against any attack by strangers or ordinary third persons. (*Zak* v. *Simpson*, 168 App. Div. 207.)

So that if this car was in fact presented to plaintiff and defendant by the amusement park (with the intent of giving it to both) and was so received by the defendant, though the physical delivery may have been confined to the defendant, such a transfer could in law vest the plaintiff with her title in the property. And a title so derived would be free from any fatal taint of the original lottery.

" But he *did not receive the plaintiff's share* as a *depositary for her use, or in order to deliver it to her.* No such question is presented. The defendant had bought the tickets in his own name, and hence received the money as if wholly due to himself.

" The consignor of the money imposed no duty upon him to deliver any of it to the plaintiff. Grant that the defendant violated his

agreement with the plaintiff *in taking the title to the tickets in his own name, the court for reasons already stated could not aid the plaintiff in that respect.* The defendant could, therefore, after the prize was awarded, secure possession of the money without assistance of the plaintiff." (Italics mine.) (*Goodrich* v. *Houghton,* 134 N. Y. 115, at p. 117.)

Apparently this is the plaintiff's theory. Whether the evidence will sustain it need not now be considered nor passed upon. The defendant also contends that one tenant in common of an automobile cannot maintain an action for conversion against his cotenant.

Were the plaintiff's claim of conversion restricted to a charge of defendant's exclusive possession and nothing more, there might be substance to the defendant's argument. For personal property that cannot be physically divided cannot be in the actual possession of two separated persons at the same time, notwithstanding both have an equal right to its custody and use. The most the law can do in such instances is to treat the actual possession of one as constructive possession of both. This construction precludes a charge of one tenant in common against the other tenant in common for a conversion based only upon such exclusive possession. But where one tenant in common, having the physical custody of the personal property, expressly repudiates any right of his cotenant to the possession or use of the property and declares himself the sole and absolute owner, depriving his cotenant of the beneficial enjoyment, his hostile conduct then takes on the attributes and elements of conversion and the action may lie. (*Osborn* v. *Schenck,* 83 N. Y. 201; *Dyckman* v. *Valiente,* 42 id. 549, at p. 561; *Weiss* v. *Weiss,* 75 Misc. 644.)

The limited time of this court has not allowed further inquiry. Plaintiff has submitted no brief. It appears to this court, however, that the application of the plaintiff should, therefore, be granted and defendant's *motion* denied.

Examination set for February 21, 1936, at ten-thirty o'clock in the forenoon of said date, at the Central Municipal Court, No. 8 Reade street, New York, room 408.