SAMUEL L. HUNTINGTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78916.  Promulgated April 2, 1937.

*J. W. Davern, Esq.*, for the petitioner.
*I. Graff, Esq.*, for the respondent.

OPINION.

MELLOTT: Petitioner apparently concedes that the portion of the winnings actually received by him constituted gross income to him, when received. Even in the absence of any such concession by him it would be so held; for such amount was clearly "gains or profits and income" within the purview of section 22 of the Revenue Act of 1932. Nor is it material that such sum was received in an illegal enterprise; for profits derived from an unlawful business are nevertheless subject to taxation. *United States* v. *Sullivan*, 274 U. S. 259.

The case at bar, with respect to the portion of the winnings which petitioner received, is not unlike *A. L. Voyer*, 4 B. T. A. 1192. In that case the taxpayer had purchased four tickets in a block of eleven, it being agreed among the purchasers in the pool that if any

one of them held the winning ticket the others in the pool should share in the prize proportionately. The winning ticket being held by a member of the pool, petitioner received four-elevenths of the prize money. It was held that the amount received constituted income to him. Cf. *George L. Rickard*, 15 B. T. A. 316, and *Christian H. Droge*, decided this date, 35 B. T. A. 829. A similar holding is made here as to the sum actually received by petitioner.

But respondent contends that petitioner should have included as part of his gross income not only the portion of the winnings which he actually received but also the portion retained by his wife. We do not agree with this contention.

The evidence shows that, while petitioner purchased the ticket with his own money, he registered it in the name of his wife, turned it over to her for safekeeping and at that time made an agreement with her that the proceeds received, if any, would be divided equally. The operators of the sweepstakes recognized her as the owner of the prize money; the money was sent to her, and she was required to sign the receipt therefor. Petitioner's right to receive any portion of it arose out of the collateral agreement between him and his wife which, though void and unenforceable (*Goodrich* v. *Houghton*, 134 N. Y. 115; 31 N. E. 516; *Crutchfield* v. *Rambo*, 38 Tex. Civ. App. 579; 86 S. W. 950; *Roselle* v. *McAuliffe*, 141 Mo. 36, 39 S. W. 274), was nevertheless specifically complied with. We are not called upon to adjudicate the rights of petitioner and his wife under the void contract, nor do we have petitioner's wife before us for determination of her tax liability, if any. The evidence shows, however, that she paid the Federal income tax upon the portion of the winnings which she retained after complying with the agreement which she made with her husband. We do not believe that the same amount should be taxed twice as income—once to the wife and once to the husband—and we decline to so hold. It follows, therefore, that the respondent erred in determining any deficiency against the petitioner.

The section of the revenue act, providing for the imposition of the fraud penalty, is section 293 (b) of the Revenue Act of 1932. It reads as follows:

(b) FRAUD. If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended.

It is obvious that, inasmuch as we have found that there is no deficiency in tax for the year in question, no fraud penalty can be imposed.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*